[No. 20422. In Bank. — December 26, 1888.]

THE PEOPLE, RESPONDENT, *v.* JOSEPH McGREW, APPELLANT.

CRIMINAL LAW — FALSE IMPRISONMENT — BURDEN OF PROOF. — In a prosecution for a false imprisonment, under section 236 of the Penal Code, the prosecution must prove the imprisonment; but this being done, the law presumes it unlawful, and the burden is cast upon the defendant of justifying it, by proving that it was lawful.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Jackson Hatch*, for Appellant.

*Attorney-General Johnson*, for Respondent.

FOOTE, C. — The defendant was prosecuted upon an information for false imprisonment. He was convicted as charged; from the judgment rendered against him, and an order refusing him a new trial, he has appealed.

Two points are made in his behalf for a reversal of the judgment and order: —

1. It is claimed that the jury were not warranted in bringing in a verdict of guilty under the evidence before them.

To this contention, after a careful review of the whole record, we cannot agree.

2. It is argued that the sixth instruction given by the court, at the request of counsel for the people, is erroneous. This instruction is as follows: —

"While it is true that the prosecution must prove the imprisonment, it is also true that the imprisonment being proven, the law presumes it unlawful until the contrary is shown. It is for the defendant to justify it by proving that it was lawful."

It is contended that under section 236 of the Penal

Code the existence of two elements are necessary in order to constitute false imprisonment: 1. That another's personal liberty is violated; 2. That such violation is unlawful in its character; and that it is incumbent upon the people, when a prosecution is being conducted in a case of the kind in hand, to show affirmatively both the violation of another's personal liberty and its unlawful character.

We have been cited to no case decided in this state where the point has been determined. In Arkansas, under a statute (Ark. Dig., c. 51, art. 7, sec. 1, 1858), the first clause of which is in the exact language of section 236 the Penal Code of this state, it has been decided that in order to establish the offense of false imprisonment, it is only necessary on behalf of the people to show the imprisonment. When that is done, it devolves upon the defendant to prove that he was justified in what he did, and that the imprisonment was lawful. (*Floyd* v. *State*, 12 Ark. 43; 54 Am. Dec. 250; *Mitchell* v. *State*, 12 Ark. 50; 54 Am. Dec. 253.)

Mr. Archbold, in the second volume of his work on Criminal Pleading and Practice, page 295, says: "All the prosecution has to prove is the imprisonment, for that is presumed to be unlawful until the contrary is shown. It is for the defendant to justify it by proving that it was lawful."

To the same effect has the matter been determined in Texas. (*Kirbie* v. *State*, 5 Tex. App. 63; see also Bishop's Criminal Procedure, sec. 368.)

No prejudicial error being disclosed by the record, we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.