[L. A. No. 336.    Department One.—June 29, 1898.]

## REDLANDS, LUGONIA AND CRAFTON DOMESTIC WATER COMPANY, Respondent, v. CITY OF RED-LANDS et al., Appellants.

MUNICIPAL CORPORATION—ORDINANCE FIXING WATER RATES—INTEREST ON INDEBTEDNESS—DEPRECIATION OF PLANT.—In a municipal ordinance fixing rates for the furnishing of water by a water company to the inhabitants of the municipal corporation for domestic use, the water company is not entitled to be reimbursed from the income derived from rates fixed by the ordinance for interest upon its indebtedness nor for depreciation of its plant, aside from the amount requisite for its maintenance and repairs during the year.

ID.—REASONABLE COMPENSATION—QUESTION OF FACT — JURISDICTION. — The question whether the amount of compensation which will accrue to a water company from the rates fixed by the ordinance, over and above such expenditures for the current year as can be properly considered and allowed in fixing the rates, is a reasonable compensation, is a question of fact, depending upon all the circumstances of the case, to be determined by the superior court in the first instance, and the jurisdiction of the appellate court in that matter is limited to a review of the action of the superior court.

APPEAL from a judgment of the Superior Court of San Bernardino County.    John L. Campbell, Judge.

The facts are stated in the opinion of the court.

C. C. Bennett, for Appellants.

Bicknell & Trask, for Respondent.

HARRISON, J.—The board of trustees of the city of Redlands having in February, 1896, adopted an ordinance fixing the rates to be charged or collected for furnishing water to its inhabitants for domestic purposes during the year commencing July 1, 1896, the plaintiff brought the present action for a judgment annulling the ordinance, upon the ground that the rates therein prescribed would not yield a revenue sufficient to enable it to pay the interest on its indebtedness, its operating expenses and taxes, and for keeping its plant in repair, and replacing the same.    At the trial of the cause the court found that the total amount of income which the plaintiff would receive during the year would be twenty thousand seven hundred and

forty-nine dollars and eight cents, and that its necessary expenditures would be twenty-two thousand three hundred and sixty-seven dollars and sixty cents, and also found that the plaintiff is entitled to have the rates so fixed that the aggregate income therefrom, together with its other income, will enable it to meet the above amount of expenditures, "and such additional amount as, in the opinion of said board of trustees, said plaintiff is entitled to as profit upon its investment for furnishing water to said city of Redlands and its inhabitants"; and thereupon rendered judgment annulling the ordinance and awarding to the plaintiff a mandatory injunction requiring said board of trustees to forthwith fix the rates for said year "so as to assure an annual income to the plaintiff sufficient to pay the interest on its indebtedness, its operating expenses, taxes, and annual depreciation of plant, and to pay plaintiff a reasonable and just compensation for the services rendered in furnishing water to the said city of Redlands and its inhabitants." From this judgment the defendants have appealed, presenting the appeal upon the judgment-roll without any bill of exceptions.

In the items of expenditure which the court found that the plaintiff is entitled to be reimbursed from the income derived from the rates fixed by the ordinance is the sum of seven thousand five hundred and eighty dollars for interest, and two thousand eight hundred and ninety-eight dollars and sixty cents for depreciation of plant, the latter item being the amount which the court finds will be the annual depreciation of the plant, aside from the amount requisite for its maintenance and repairs during the year.

In *San Diego Water Co. v. San Diego*, 118 Cal. 556, 62 Am. St. Rep. 261, it was held that the interest upon the indebtedness of the water company is not a proper item of expenditure to be provided for in fixing the annual rates to be charged or collected for furnishing water to the inhabitants of a city, and that the water company is not entitled to have the rates so fixed as to enable it to set apart a certain amount each year as a sinking fund for the depreciation of its plant. The provision in the judgment herein directing that the rates be fixed so as to assure an income sufficient to pay these items

is inconsistent with the principles declared in the San Diego case. Deducting the amount of these two items from the amount of expenditures which the court finds will be necessarily incurred by the plaintiff, the income which the plaintiff will receive from the rates fixed in the ordinance will exceed its expenditures by eight thousand eight hundred and sixty. dollars and eight cents. Whether this amount is under all the circumstances of the case a reasonable compensation to it is a question of fact depending upon a consideration of all the circumstances of the case, and must be determined in the first instance by the superior court. The jurisdiction of this court in the matter is limited to a review of the action of the superior court.

The judgment is reversed and new trial ordered.

Garoutte, J., concurred.

Van Fleet, J., concurred in the judgment.