[Civ. No. 980.  First Appellate District.—October 4, 1912.]

## EMMA SEBRING, Respondent, v. L. HARRIS, Appellant.

FALSE ARREST AND IMPRISONMENT—ACTION FOR DAMAGES—MOTION FOR NONSUIT PROPERLY DENIED.—In an action for damages for a false arrest and imprisonment of the plaintiff, where evidence for the plaintiff conclusively established that the defendant did cause the arrest of the plaintiff, a motion for a nonsuit directed to a failure to prove that the defendant caused the arrest of the plaintiff at all, and a failure to prove want of probable cause, was properly denied.

ID.—QUESTION OF PROBABLE CAUSE—BURDEN OF PROOF UPON DEFENDANT.—The plaintiff is not required to prove a want of probable cause for the alleged false arrest and imprisonment, but the burden is upon the defendant to show that the arrest and imprisonment were made upon probable cause therefor.

ID.—FAILURE TO PROVE CAUSE OF ARREST ALLEGED—VARIANCE NOT EXPRESSED AS GROUND FOR NONSUIT.—The court cannot grant a nonsuit on a ground of variance between the proof and the complaint, where no such ground of nonsuit was expressed in the motion therefor. Only the grounds expressed in the motion for a nonsuit can be considered in determining the motion. Especially does this rule apply where an amendment could have been allowed to the pleadings, which would have obviated the objection urged upon appeal, as a ground for nonsuit, for such variance.

ID.—VARIANCE AS TO GROUND OF ARREST BETWEEN COMPLAINT AND PROOF IMMATERIAL—PROPER INSTRUCTIONS.—Where the complaint alleged a false arrest and imprisonment upon a charge of larceny, and the evidence was conflicting as to whether the arrest was upon that ground, or upon a charge of disturbing the peace, the court properly gave instructions applicable to both theories of the case. The variance between the complaint and the proof cannot be considered material under the law of this state, whatever may be the rule in other jurisdictions.

ID.—GIST OF ACTION—WRONGFUL ARREST—CHARGE INCIDENTAL—PROPER MODE OF DENIAL.—The gist of the action was the wrongful arrest. The charge upon which the arrest was made was but an incidental matter, peculiarly within the knowledge of the defendant, and need not have been alleged by the plaintiff. A denial that the arrest was made upon a charge of larceny would not have met the gist and substance of the allegation of the complaint, which the defendant recognized by denying that he caused the plaintiff to be arrested upon a pretended charge of larceny, or *upon any other charge.*

ID.—EVIDENCE AS TO ARREST FOR DISTURBING PEACE PERTINENT TO IS-
SUES RAISED BY ANSWER.—The evidence as to an arrest for disturb-
ing the peace was addressed to the issue presented by the denials in
defendant's answer; and an instruction predicated upon the differ-
ent theories of the case, as shown under the complaint and answer,
was pertinent to the issues, as well as to the evidence before the
jury, and no amendment was required in such case to conform to
the proof.

ID.—APPROPRIATE INSTRUCTION AS TO DAMAGES INCLUDING HUMILIATION
AND MENTAL ANGUISH.—Where it is alleged and proved that the
false arrest and imprisonment of the plaintiff, as a woman, caused her
great humiliation and mental anguish, an instruction was proper
that the jury might consider those elements in fixing damages by
reason of such arrest and imprisonment.

ID.—MOTION FOR NEW TRIAL—APPEAL FROM ORDER—QUESTION OF
EXCESSIVE DAMAGES NOT RAISED.—Where the appeal is limited to
the review of an order denying a motion for a new trial, and no
question of excessive damages was presented or urged as a ground
for the motion, no such question could be considered by the trial
court in passing upon the motion, or be reviewed upon appeal from
the order denying the motion, but such order must be affirmed.

APPEAL from an order denying a motion of the Superior
Court of the City and County of San Francisco for a new
trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Henry Ach, Harry E. Michael, and Wm. Hoff Cook, for
Appellant.

William M. Cannon, for Respondent.

HALL, J.—This is an appeal from an order denying de-
fendant's motion for a new trial.

The action was brought to recover damages for the wrong-
ful and false arrest and imprisonment of plaintiff caused and
procured by defendant.

Among other things it is alleged in the complaint "That
on the 22nd day of June, 1907, at the city and county of San
Francisco, state of California, the defendant caused the plain-
tiff to be arrested upon a pretended charge of larceny."

Defendant in his answer denied that he "caused the plaintiff to be arrested upon a pretended charge of larceny, or upon any other charge."

At the close of plaintiff's case defendant moved the court for a nonsuit, which motion was by the court denied. This ruling of the court is the first matter urged by appellant as ground for the reversal of the order denying his motion for a new trial.

The only contention of appellant upon this point is that the evidence tends to show that the defendant caused plaintiff's arrest upon a charge of disturbing the peace instead of upon a charge of larceny, and which appellant contends presented a case of fatal variance between the proof and allegations of the complaint. As will appear later on in this opinion we do not think the variance at all material. But it is a sufficient answer to appellant's contention to say that the motion for a nonsuit was not made upon any such ground. The motion as it appears in the record is as follows:

"I desire to make the motion for nonsuit on the ground that they have not established any cause of action at all. They have not shown any connection with Mr. Harris. Also they must show that there was a want of probable cause, and on the ground that the testimony so far introduced by the plaintiff does not substantiate anything at all connecting the defendant with the matter."

It is perfectly clear that appellant's motion was directed to a failure to prove that defendant caused the arrest of plaintiff at all, and to a failure to prove want of probable cause for the arrest.

As to the first of these grounds the evidence in the record establishes beyond question that the defendant did cause the arrest of plaintiff. It is not now contended to the contrary.

As to the second ground, the arrest being shown, the burden of proving probable cause is upon the defendant. (*Ah Fong* v. *Sternes,* 79 Cal. 30, [21 Pac. 381]; *People* v. *McGrew,* 77 Cal. 570, [20 Pac. 92].)

The ground relied upon for a nonsuit should be stated to the trial court. (*Miller* v. *Luco,* 80 Cal. 257, [22 Pac. 195]; *Loring* v. *Stuart,* 79 Cal. 200, [21 Pac. 651].)

Especially does this rule apply where, as in this case, an amendment could have been allowed to the pleadings, which

would have obviated the objection now made by the appellant, and without possible inconvenience or injustice to the defendant. (*Daley* v. *Russ,* 86 Cal. 114, [24 Pac. 867].)

The court did not err in denying appellant's motion for a nonsuit.

Upon the trial there was some conflict in the evidence as to whether the arrest, which the evidence clearly shows defendant caused to be made, of plaintiff was upon a charge of larceny or upon a charge of disturbing the peace. There is in the record evidence to support either theory. The court gave instructions addressed to both theories.

Appellant contends that the instruction which the court gave to the effect that a verdict for plaintiff might be rendered if it appeared that defendant caused the arrest of plaintiff upon a charge of disturbing the peace, was error. It is not contended that the instruction is incorrect in the abstract, but that it was error to give an instruction upon such a theory of the case because of the allegation in the complaint that the arrest was upon a charge of larceny. In other words, it is claimed that the evidence and theory upon which the instruction was predicated presents a case of a material variance between the allegations of the complaint and the proof. We do not think so. It may be true that in some jurisdictions it would be so considered, but we do not think that it should be so considered under the law of this state.

The gist of the action in this case was the wrongful arrest. The charge upon which the arrest was made was but an incidental matter, peculiarly within the knowledge of defendant, and need not have been alleged by plaintiff. A denial that the arrest was made upon a charge of larceny would not have met the gist and substance of the allegation of the complaint. This defendant recognized by denying, as he did, that he caused the plaintiff to be arrested upon a pretended charge of larceny or *upon any other charge.*

By this denial he challenged proof that he had caused the arrest of plaintiff upon any charge whatever. The evidence tending to show an arrest upon a charge of disturbing the peace, was addressed to the issue presented by the denials in defendant's answer; and the instruction predicated upon the theory of the case resting upon such evidence was thus

pertinent both to the evidence before the jury and court, and the issues presented by the pleadings.

"No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that a party has been so misled, the court may order the pleading to be amended, upon such terms as may be just." (Code Civ. Proc., sec. 469.)

That the defendant was in no respect misled by the variance between the allegation in the complaint and the proof is perfectly clear, for he went to trial upon the issue as to whether or not he had caused the arrest of plaintiff upon any charge at all.

It is thus clear that the variance now complained of as a foundation for the attack upon the instruction was not material, and the court was not even required to direct an amendment to the pleading to conform to the proof. (Code Civ. Proc., sec. 470.)

The proof was addressed to the issue framed by the pleadings, and the instruction was pertinent both to the issue thus presented and the evidence bearing thereon. The cause of action proved under either theory of the facts was in substance the one alleged. The court therefore did not err in giving the instruction complained of.

It is next urged that the court erred in an instruction which it gave upon the question of damages.

Stress seems to be laid upon that portion of the instruction in which the jury were told that they were entitled to consider whether the plaintiff was subjected to humiliation or suffered great or any mental anguish by reason of such arrest.

Where it is alleged, and the proof is sufficient to support such allegation, that the arrest was malicious, no reason occurs to us why humiliation and mental anguish caused by such arrest are not proper elements to be considered by the jury in fixing damages for such arrest. The evidence shows that defendant directed two police officers to arrest plaintiff. They arrested her accordingly, and took her to a fire-engine house through a crowd of several hundred persons. There they detained her for about an hour pending the arrival of the police patrol wagon. Upon its arrival, however, upon her

protest she was not taken to the police station in the wagon, but was allowed to walk there, escorted for a part of the way by a fireman, and for the balance of the way by two police officers. She was detained for a time at the police station, but was eventually released without any charge being preferred against her. That humiliation and mental anguish to a woman would be the natural and proximate result of such an arrest goes without saying. The instruction was correct in the abstract, and was justified by the evidence in the record.

The only other point raised by appellant is that the damages awarded by the jury are excessive. This point was first raised at the oral argument. It was not even stated as ground for the motion in the notice of intention to move for a new trial, and therefore could not be considered by the trial court upon the hearing of the motion for a new trial. (Code Civ. Proc., sec. 659.)

The court did not err in denying appellant's motion for a new trial, and the order appealed from is therefore affirmed.

Lennon, P. J., and Kerrigan, J., concurred.