RAYMOND, Respondent, v. CORRIGAN et al., Appellants.

(159 N. W. 131.)

(File No. 3920.   Opinion filed September 9, 1916.   Rehearing denied
November 29, 1916.)

1.   False Imprisonment — Pleadings — Demurrer — Arrest Without
       Warrant—Defense, Showing by Answer, Demurrer Untenable.

In an action for false imprisonment, held, that as a defense of lawful arrest without a warrant, under Code Cr. Proc., Secs. 120, 122, empowering a peace officer to arrest and imprison without a warrant in certain specified instances, the defendant cannot raise said question of lawful arrest by demurrer to the complaint, but he must allege and prove facts showing existence of one or more of the emergencies enumerated in said sections, which can be done only by answer.

2. **Same—Complaint—Justification of Arrest—Showing by Answer, Not by Negative in Complaint—Burden of Proof.**

In a suit for false imprisonment, plaintiff is not obliged to anticipate negative facts constituting a defense; and if matters in justification of an alleged illegal arrest exist they must be affirmatively shown by defendant in his answer, and not negatived by plaintiff in the complaint; and the burden of proof is on defendant to show the existence of such exonerating facts.

3. **Same—Illegality of Arrest—Necessary Allegations.**

In a suit for false imprisonment, a complaint alleging that defendants maliciously and with intent to injure plaintiff, arrested and imprisoned plaintiff; unlawfully searched her person, treated her in an inhuman manner, and compelled plaintiff to furnish bail in order to obtain her release, without warrant from any court and without an order for her arrest and without filing a complaint, stated a cause of action for false imprisonment.

Smith, J., not sitting.

Appeal from Circuit Court, Brown County. Hon. Thos. L. Bouck, Judge.

Action by Mary E. Raymond, against W. F. Corrigan and another, for false imprisonment. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

*Geo. H. Fletcher,* and *Geo. H. Jackson,* for Appellants.

*Sherin & Sherin,* for Respondent.

(2) To point two of the opinion, Appellants cited: Connelly v. Am. Bonding & Trust Co. (Ky.) 69 S. W. 959; 12 Am. & Eng. Enc. 724; 19 Cyc. 359; King v. Weed (Wis.) 51 N. W. 1011; Richardson v. Dybedahl, et al, 14 S. D. 126; Barker v. Anderson (Mich.) 45 N. W. 1108; Code Crim. Proc. Secs. 120, 122, 126.

Respondent cited: Colter v. Lower, 9 Am. Reports, 736; Ency. of Ple. & Pra., Vol. 8, page 845; Cunningham v. East River Electric Light Co., 60 N. Y. Super. Ct. 282.

(3) To point three of the opinion, Appellants cited: Cun-

ningham v. East River Elec. Light Co., 17 N. Y. S. 372; Bar-field v. Turner (N. C.) 8 S. E. 115; 19 Cyc. 358-9; McConnell v. Kennedy (S. C.) 7 S. E. 76; Connelly v. Am. Bonding & T. Co. (Ky.) 69 S. W. 959.

Respondent cited: Newby v. Gunn, 74 Tex. 455; Peters v. Lindsborg, 40 Kan. 654; Oh Fong v. Stearns, 79 Cal. 31.

POLLEY, P. J.    This is an action for false imprisonment. In her complaint plaintiff in substance alleges: That one of the defendants is an attorney at law residing in Aberdeen, and that the other is chief of police in Aberdeen; that on the 30th day of March, 1915, defendants maliciously and with intent to injure respondent arrested and took her into custody; that they restrained her of her liberty and confined her in the city jail; that they unlawfully searched her person, and subjected her to insult and indignity; that they treated her in an inhuman manner, and used profane language to her during her said imprisonment; that, through the procurement of the defendants, the fact of plaintiff's said arrest was extensively published in the newspapers of Aberdeen and vicinity; that defendants compelled respondent to furnish bail in order to obtain her release from such unlawful imprisonment; and that all of said acts on the part of defendants were done and performed by them without a warrant from any court, and without an order of any kind for her arrest, and without any complaint charging her with the commission of a public offense having been made or filed against her.

To this complaint defendants demurred, on the grounds: (1) That several causes of action are improperly united; and (2) that said complaint does not state facts sufficient to constitute a cause of action.    The demurrer was overruled, and from the order overruling the same defendants prosecute this appeal.

No contention is made in appellants' brief that more than one cause of action is stated in the complaint, and the first ground of the demurrer will be given no further notice.

[1] The second ground of the demurrer is based upon the theory that the defendant Hurst, being a peace officer, was empowered by the provisions of sections 120 and 122, Code Cr. Proc., to arrest and imprison people without a warrant.    The sections read as follows:

"Sec. 120. A peace officer may, without a warrant, arrest a

person: 1. For a public offense, committed or attempted in his presence. 2. When the person arrested has committed a felony, although not in his presence. 3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. 4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

"Sec. 122. He may also at night, without a warrant, arrest any peron whom he has reasonable cause for believing to have committed a felony, and is justified in making the arrest though it afterward appear that the felony has not been committed."

These two sections authorize arrests to be made without a warrant in certain emergencies; but in order that a defendant in an action like this may avail himself of such provisions, he must allege and prove facts showing the existence of one or more of the emergencies enumerated in said sections. This can be done only by answer.

[2, 3] A plaintiff in an action for false imprisonment is not obliged to anticipate and negative all the facts that may constitute a defense to his cause of action. Just v. Martin Brothers Co., 159 N. W. 44. If matters in justification of an alleged illegal arrest exist, they must be affirmatively shown by the defendant in his answer, and not negatived by the plaintiff in his complaint, and the burden of proof is on the defendant to show the existence of facts constituting such justification. 11 R. C. L. 801. The facts alleged in the complaint are sufficient to constitute a cause of action for false imprisonment, and reputable courts hold that much less than is alleged in this complaint is sufficient. In Barker v. Anderson, 81 Mich. 508, 45 N. W. 1108, it is said:

"The mere fact that a person has been imprisoned is sufficient in itself, standing alone, to raise the presumption that it was illegal."

And in Ah Fong v. Sternes, 79 Cal. 30, 21 Pac. 381, it is held that an allegation of imprisonment, coupled with an averment of damage, constitutes a cause of action for false imprisonment.

The demurrer was properly overruled, and the order appealed from is affirmed.

SMITH, J., not sitting.