Submitted on briefs March 1, reversed March 30, 1926.

## LOUIS KNIGHT v. F. A. BAKER.

### (244 Pac. 543.)

**Pleading—Complaint for False Imprisonment Held Sufficient as Against Demurrer That It Stated Merely Conclusions.**

1. Complaint for false imprisonment stating that defendant caused plaintiff's arrest, willfully and unlawfully detained and imprisoned him for seventeen days in city jail, and alleging facts showing detention to have been unlawful, *held* sufficient as against demurrer that complaint stated only conclusions of law.

**False Imprisonment.**

2. Complaint for false imprisonment need not indicate plaintiff was committing, or attempting to commit, infraction of law when arrested.

**False Imprisonment—Complaint for False Imprisonment Need not Allege Plaintiff Demanded Warrant Authorizing Arrest.**

3. In action for false imprisonment, for causing detention in city jail without any commitment, warrant or other process, and without examination by court, or charge filed against him, complaint need not allege that plaintiff demanded warrant authorizing arrest, but, if arrest was justified, defendant should so plead.

**False Imprisonment—Imprisonment is Presumed Unlawful, Until Contrary is Shown.**

4. Showing of imprisonment only is necessary to establish offense of false imprisonment, and that it was unlawful is presumed, until

---

1.  See 21 R. C. L. 440.
4.  See 11 R. C. L. 819.

contrary is shown; nor need plaintiff prove malice nor want of probable cause.

**False Imprisonment.**

5. Detention in jail for seventeen days without charge filed, or investigation made of any crime, and without informing prisoner of his rights, *held* unlawful.

**False Imprisonment—Complaint for False Imprisonment Need not Allege Defendant was Jailer.**

6. In action for false imprisonment, complaint alleging that defendant caused plaintiff to be arrested, took him into custody and conducted him by force to jail, where he was unlawfully detained for seventeen days, need not allege that defendant was jailer.

**False Imprisonment.**

7. All parties participating in false imprisonment are liable, and plaintiff may sue them all or any one of them.

**False Imprisonment—Person Who Sets Machinery of Law in Motion Liable for False Imprisonment.**

8. To be liable for false imprisonment, defendant need not take direct part in imprisonment, but he may be liable if he sets machinery of law in motion.

**Pleading.**

9. Demurrer admits allegations in complaint.

---

False imprisonment, 25 **C. J.**, p. 448, n. 44, p. 491, n. 63, p. 498, n. 53, p. 499, n. 63, 65, p. 513, n. 18, p. 531, n. 73, p. 532, n. 99, p. 693, n. 81.
Indians, 31 **C. J.**, p. 532, n. 72.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

This is an action for damages for false imprisonment. A demurrer on the ground that the amended complaint does not state sufficient facts was sustained. The plaintiff stood upon said complaint, whereupon his case was dismissed and judgment entered for costs and disbursements in favor of the defendant, from which this appeal is taken. The facts are stated in the opinion.          REVERSED.

---

7. See 11 **R. C. L.** 818.

For appellant there was a brief and oral argument by *Mr. Edward B. Ashurst.*

For respondent there was a brief and oral argument by *Mr. Wilson S. Wiley.*

COSHOW, J.—It appears from the face of the complaint that the plaintiff was imprisoned in the city jail at Klamath Falls by order of the defendant for seventeen days without any commitment, warrant or other process from any court, and kept there without an examination or hearing in any court, without being informed of his rights, and without any charge of any kind having been filed against him.

1. The first reason assigned by the defendant why the complaint does not state sufficient facts is that it states only conclusions of law. The complaint alleges that the defendant caused the arrest of the plaintiff, took plaintiff into custody, compelled him by violence and force to go from Klamath Agency to Klamath Falls, willfully and unlawfully detained and imprisoned him, and restrained him of his liberty and freedom for the period of seventeen days by imprisoning him in the city jail of Klamath Falls. These are statements of fact. They are not mere conclusions. The complaint does not charge the defendant with having unlawfully arrested plaintiff but complains because of his unlawful and wrongful imprisonment for seventeen days. Facts are alleged showing the detention to have been unlawful.

2. Defendant next argues that, because there is nothing in the complaint filed to indicate that the appellant who is plaintiff was committing or attempting to commit any infraction of the law, it is thereby fatally defective. If the plaintiff was vio-

lating the law, he might have been lawfully arrested by the defendant. It would be only an aggravation of the trespass against plaintiff to have arrested him without any cause. But the gravamen of the complaint is that he was unlawfully and wrongfully imprisoned, regardless of whether or not he may have been guilty of some breach of law: 25 C. J. 492, 493, § 62.

3. In this same connection the defendant seems to think the plaintiff should have alleged that he demanded from the defendant a warrant authorizing his arrest and the absence of an allegation of that kind renders the complaint demurrable. That is no part of plaintiff's case. If the plaintiff violated the law and the defendant was justified in arresting and imprisoning the plaintiff, he should plead.

"Plaintiff is not bound to anticipate and negative all of the facts which may constitute a defense to his cause of action, and if matters in justification of an alleged illegal arrest exist they must be affirmatively shown by defendant, and not negatived by plaintiff in his complaint." 25 C. J. 531, § 123.

Again defendant says in his brief:

"Appellant alleges that no legal commitment was issued, but are there no other lawful means of holding a man in prison?"

4. No authority has been cited by defendant that would justify a man being imprisoned and held there for seventeen days without a commitment, warrant or some other legal process: 25 C. J. 491, § 61.

"In order to establish the offense of false imprisonment, it is only necessary on behalf of the plaintiff to show the imprisonment. After this is done, the law presumes it unlawful until the contrary is shown, and it is a settled rule that he need not prove

malice, nor want of probable cause." 5 Encyclopaedia of Evidence, 733, § 2.

5. The complaint, however, goes considerably further and alleges that the plaintiff was detained in jail for seventeen days without any charge having been filed against him or any investigation made of any crime, and without informing him of his rights. A citizen cannot be so deprived of his liberty lawfully. One who interferes with another's liberty of locomotion does so at his peril: 25 C. J. 448, § 5.

6. Defendant says again, it is not alleged that the respondent was the jailer of the city jail at Klamath Falls. That was not a necessary allegation. The complaint does allege that the defendant caused him to be arrested, took him into custody and compelled him by force and violence to accompany the defendant and another person to Klamath Falls and there placed him in jail. The fact that the jailer is also liable to the plaintiff for false imprisonment does not exonerate the defendant: *Lane* v. *Ball*, 83 Or. 404–417 (160 Pac. 144, 163 Pac. 975).

7. If others than the defendant participated in the tortious acts, they also are liable to the plaintiff. The plaintiff is at liberty to sue all of the persons participating in the trespass against him, or he may elect whom of that number he shall sue: 25 C. J. 498, 499, §§ 70, 71.

"The general rule in actions of tort is that all persons concerned in the wrong are liable to be charged as principals; but the plaintiff may, at his election, sue one or more without exposing himself to a plea in abatement for nonjoinder. Newell on Malicious Prosecution, 368, § 6.

8. It is next urged by defendant, "What color of right then would an Indian agent have to the keys of the city jail?" Defendant seems to think that it

was necessary for the defendant to have personally exercised the rights of jailer in order to be liable. That is not the law.

"As a general rule the person who makes the charge which sets the machinery of the law in motion, or procures the prosecution, is liable; and this rule applies equally whether he does the act himself or procures another to do it." Newell on Malicious Prosecution, 367, § 4.

It is not necessary for the defendant to have taken direct part in the imprisonment to make him liable: 25 C. J. 513, § 95; 25 C. J., §§ 499, 500.

9. Most of the brief of the defendant is spent in arguing the improbability of the truth of the complaint. The demurrer admits the allegations in the complaint. The matters argued by the defendant only constitute justification for the imprisonment or exonerate the defendant from liability therefor, but in the state of the record in which it is before this court they stand admitted.

It is not claimed that the defendant is immune from prosecution for false imprisonment because he is an Indian agent: *John Bad Elk* v. *United States,* 177 U. S. 529 (44 L. Ed. 874, 20 Sup. Ct. Rep. 729, see, also, Rose's U. S. Notes), is authority that he is not. In *Y-Ta-Tah-Wah* v. *Rebock et al.,* 105 Fed. 257, 260, Judge SHIRAS says in a case similar to the instant case:

"These authorities clearly demonstrate that, if it be true that the defendants were guilty of a trespass to the person of the Indian, the injured party had the right to bring suit for the damages caused him in any state court within whose territorial jurisdiction the defendants could be found, and in the federal court in whose district the defendants reside."

117 Or.—32

It will be remembered that the plaintiff was committed to the jail without any commitment by authority of the defendant.

The defendant urges that the allegations of the complaint are too vague to enable the defendant to answer them. We do not comprehend why the defendant cannot easily deny the allegations if they are untrue and set up as an affirmative defense facts that would justify the imprisonment of plaintiff, if there are any such facts. The case is presented to this court as though it was on trial on facts instead of on demurrer to the complaint because the complaint does not state sufficient facts. The judgment appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.      REVERSED AND REMANDED.