[Civ. No. 6954. First Appellate District, Division Two.—July 31, 1929.]

TARAL T. FRICKSTAD, Appellant, v. H. C. MED-CRAFT, Respondent.

L. L. Steele for Appellant.

John L. McNab for Respondent,

LAMBERSON, J., *pro tem.*—Action for damages for false arrest and imprisonment. Trial by the court without a jury. Findings and judgment for defendant. Plaintiff appeals therefrom and from an order denying his motion for a new trial.

The plaintiff, at the time of the arrest and imprisonment complained of, which occurred on the eleventh day of August, 1926, was seventy-nine years of age, somewhat infirm from a nervous affliction and of rather irascible disposition.

The defendant was a dentist practicing in the city of Oakland, and for a period of about a year the plaintiff had visited the defendant's office for the purpose of having dental work done involving the construction and fitting of artificial teeth. The plates had been several times re-made by the defendant or his assistant, the last work of that nature having been done about three weeks before the time of the incident which is the subject of this action. At that time some change was made in the lower set or plate at the request of the plaintiff, and on August 11, 1926, plaintiff returned to the office of the defendant, where he was received by an attendant and placed in an oper-ating chair. He then complained to the defendant that the lower plate was one-sixteenth of an inch too short and produced a pair of calipers to demonstrate the deficiency. The defendant thereupon informed the plaintiff that he could not do anything more under the circumstances with-out making an additional charge. The plaintiff thereupon became angry and proceeded toward a door between the reception-room and the operating-room. As he reached the door he turned and addressed a defamatory epithet to the defendant, who then crossed the operating-room and opened the door, in which there was a glass panel. The findings as to this and subsequent incidents are as follows:

"That defendant opened the door from his inner office to the outer office to usher the plaintiff out of the office and while engaged in opening the door plaintiff struck at defendant with a heavy cane; that defendant evaded the descending blow of said cane and the blow smashed the glass entrance door of defendant's office; that plaintiff endeavored to again assault defendant with his cane and defendant, to protect himself against injuries solely, caught plaintiff by the wrists, and asked his nurse to call a police officer to take the plaintiff away. That said officer demanded of plaintiff his name but plaintiff replied, 'You find out'; that said officer thereupon, without suggestion from the defendant, took the plaintiff to the police station where he was kept for some time; that defendant did not request that plaintiff be taken to the police station and was not informed that plaintiff was detained at the police station until he received a telephone request to come to the police station. On arriving at the station defendant declined to place any charge against the plaintiff.

"The court expressly finds that the defendant exercised no greater restraint over plaintiff than was necessary to protect the defendant against further assault; that defendant did not request his detention and did not know that he had been detained at the police station or was under any form of arrest by the officers of the Oakland police."

The testimony of the defendant was, in substance, that plaintiff made a second stroke with his cane, and that the defendant caught him by the wrists. That the plaintiff also attempted to kick the defendant; that they were then out in the hall and the defendant called to his office nurse to telephone for the police; that plaintiff was a feeble old man and the defendant did not know what to do with him; that when the policeman came the defendant said: "I want this man to pay for that glass. I wish you would take him away." The policeman said: "You bet he will pay for that glass. What is your name?" The plaintiff said: "You find out." The policeman said: "Come over to the City Hall and we will find out." That the defendant said nothing about arresting the plaintiff. The plaintiff was taken to the city hall and to the sergeant's desk in the police station, where he was ordered

upstairs, searched and confined in a cell for a period variously estimated to have been from two to four hours.

The defendant testified that he did not know that the plaintiff was imprisoned in the police station until the lapse of a period of from one to three hours, when he was summoned to the police station and asked to sign a complaint, which he refused to do and was reprimanded by the desk sergeant.

There is very little conflict in the evidence as to the incidents which occurred in the office. The plaintiff offered testimony to the effect that the defendant assaulted him by pushing him through the door of the operating-room and that plaintiff then struck back with his cane to defend himself and in doing so struck the glass in the door.

The evidence is sufficient to support the finding that the plaintiff assaulted the defendant with his cane and that the defendant exercised only such restraint as was necessary to protect himself against further assault, and it may be added that the evidence was sufficient to support the conclusion that the defendant exercised only such force as was necessary to protect the property in the room from further damage. The restraint of the plaintiff by the defendant occurred while plaintiff was actually engaged in a disturbance of the peace and was conducting himself in a disorderly manner and while making an assault upon the defendant.

Sections of the Penal Code relating to the subject of arrest, and which are pertinent to the issues involved herein, are the following:

Section 834, which reads: "An arrest is taking a person into custody, in a case and in the manner authorized by law. An arrest may be made by a peace officer or by a private person."

Section 835: "An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of an officer. The defendant must not be subjected to any more restraint than is necessary for his arrest and detention."

Section 837: "A private person may arrest another:

"1. For a public offense committed or attempted in his presence. . . . "

Section 841: "The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, except when the person to be arrested is actually engaged in the commission of, or an attempt to commit an offense, or is pursued immediately after its commission, or after an escape."

Section 847: "A private person who has arrested another for the commission of a public offense must, without unnecessary delay, take the person arrested before a magistrate, or deliver him to a peace officer."

 A private person may use such force as is necessary to prevent an assault upon his person or an injury to his property.

 Whether the view be taken that the defendant acted in the protection of himself or his property, or arrested plaintiff for the commission of a misdemeanor committed in his presence, the finding of the trial court that the defendant exercised no greater restraint than was necessary to protect himself against further assault has abundant evidence for its support, and is conclusive in the appellate court.

Plaintiff contends that the action of the defendant in causing a policeman to be summoned and in delivering him to the policeman and in not thereafter swearing to a complaint created a cause of action for damages for false imprisonment and cites in support of his contention the cases of *Korkman* v. *Hanlon*, 53 Cal. App. 147 [199 Pac. 880], and *Riffel* v. *Letts*, 31 Cal. App. 426 [160 Pac. 845]. Neither of the cases cited is in point for the reason that the arrest which was the basis of the cause of action in each case was made after the commission of the alleged offense had ceased and the rule laid down in those cases follows the rule so well stated in the case of *Allen* v. *London & Southwestern R. R. Co.*, L. R. 6 Q. B. 65, also cited by plaintiff. A very full discussion of that rule appears in the opinion of the court in the case of *Korkman* v. *Hanlon*, and we shall not discuss it further here.

In this case the only evidence as to what occurred when the policeman arrived appears in the testimony of the defendant which has already been related. The findings of

the court have also been heretofore stated in full. These findings are supported by the evidence, which does not justify a conclusion that the defendant advised or encouraged the subsequent imprisonment of the plaintiff. The language of the defendant imports a desire to have the plaintiff removed from the scene of the difficulty, rather than to have him imprisoned. The original restraint and detention of the plaintiff by the defendant, having been proper under the circumstances, his delivery to the police officer was fully authorized by the provisions of section 847 of the Penal Code hereinbefore stated, and the duty of the defendant ended when he delivered the plaintiff to the officer. Having performed that duty by promptly having an officer summoned and by delivering the plaintiff to such officer, his responsibility ceased.

The rule established in this state is stated in the case of *Miller* v. *Fano*, 134 Cal. 103 [66 Pac. 183], as follows: "If a party authorizes, encourages, directs or assists an officer to do an unlawful act, or procures an unlawful arrest, without process, or participates in the unlawful arrest or imprisonment, such party is liable."

This rule has been recognized in the case of *Squires* v. *Southern Pac. Co.*, 42 Cal. App. 459 [193 Pac. 695].

In the case under consideration a difficulty faced the defendant which he could only overcome, according to the findings of the trial court, by restraining the plaintiff and delivering him to an officer as soon as one was available. The fact that a complaint was not filed thereafter does not render the defendant a trespasser in the absence of an affirmative showing that the defendant actually encouraged the officer to imprison the plaintiff. No element of malice or abuse of his authority on the part of defendant, up to the time when the policeman took the plaintiff away from defendant's office, appears in the case.

The defendant's authority and control over the plaintiff ended upon the delivery of the plaintiff to the officer, who thereupon assumed responsibility, and it does not appear that the defendant did anything contrary to the authority conferred upon him by section 847 of the Penal Code. (*Gisske* v. *Sanders*, 9 Cal. App. 13 [98 Pac. 43].)

We are of the opinion that the evidence is sufficient to support the finding that defendant did not request the arrest of the plaintiff, did not request his detention and did not know that he had been detained at the police station, or was under any form of arrest by the officers of the Oakland police. The judgment and order appealed from are affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.