[Civ. No. 8541. Second Appellate District, Division One.—April 2, 1935.]

ROBERT E. WEIR, Respondent, v. CONTINENTAL OIL COMPANY (a Corporation) et al., Appellants.

Loeb, Walker & Loeb, P. C. Black and Milton H. Schwartz for Appellants.

Pace, Smith & Purdue and W. P. Smith for Respondent.

YORK, J.—Defendants, Continental Oil Company and J. N. Pyles, appeal from a judgment rendered against them for the sum of $5,000, which judgment was rendered in accordance with the verdict and special findings of the jury. The jury found that the plaintiff was unlawfully imprisoned for an unreasonable length of time and that the Continental Oil Company, J. N. Pyles, R. S. Dungan and E. W. Landenberger were all parties to such unlawful imprisonment. The jury also found that such imprisonment was not at the instance or direction of Lieutenant Murphy or other police

or jail officers. The jury, in accordance with the court's instruction so to do, found against the plaintiff and in favor of all the defendants on the cause of action relating to malicious prosecution, and also brought in a general verdict by which they found for the plaintiff "and against the defendant Continental Oil Co., J. M. Pyles, on the cause of action relating to false imprisonment and assess his damages at $5,000.00, as against said defendant". The judgment rendered on this verdict is: " . . . it is ordered, adjudged and decreed that said Robert E. Weir have and recover from said Continental Oil Co., a corp. and J. M. Pyles, the sum of $5,000.00, together with his costs and disbursements incurred in this action, amounting to the sum of—525 and 75/100— dollars."

No point is made on this appeal, except as indicated by appellants' statement of question involved, as follows: "Where a person is arrested upon probable cause but is held in jail by the police an unreasonable time before being taken before a magistrate, can a private detective or corporation having no official connection with the police department, be held liable for the unreasonable restraint?" This is amplified somewhat by the concluding statement in appellants' brief, to wit: "Appellant Pyles cannot be held liable for the unreasonable detention of respondent since (1) he had nothing to do with the internal management of the Long Beach Police Station and had no power either to detain or release the prisoner; (2) whatever Pyles did was done at the request of Lieutenant Murphy, the officer in charge of the police department. Appellant Continental Oil Company cannot be held liable since (1) its liability, if any, would have to be predicated upon the liability of Pyles; (2) Pyles was not the agent of the Continental Oil Company; (3) assuming the liability of Pyles and that he was acting as the company's agent (all of which we deny) he acted outside the scope of his authority."

This case discloses much more than the average conflict in testimony. The plaintiff testified to third degree methods of the most reprehensible type. His testimony is flatly contradicted by the persons charged with this misconduct. This matter was before the jury in such form as to make them the exclusive judge of the facts therein involved, and if such facts testified to by the plaintiff were true, the amount of

the verdict rendered cannot be said to be excessive. Moreover, pursuant to the conditions of the order denying motion for new trial, plaintiff consented that the amount of the verdict be reduced to $2,500.

 There was sufficient evidence from which the jury could find that the private detectives employed by the corporation were guilty of all the things charged against them, including their participation in the unreasonable detention, and that being so, the "statement of the question involved". made by appellants has no force, because, regardless of how many other people were involved, such fact, if it be a fact, would not relieve the defendant private detectives or the defendant corporation employing them from liability. Appellants' contention that the acts of detective Pyles were outside the scope of his employment is not supported by the evidence.

Since there was sufficient evidence to support each of the jury's answers to the special interrogatories, and as the appellants do not claim any error in any of the instructions given by the trial court, the verdict of the jury cannot be interfered with by this court.

The judgment is modified by striking therefrom the words and figures "the sum of $5000.00", and substituting therefor "the sum of $2500.00". As thus modified, the judgment is affirmed.

Houser, J., concurred.

CONREY, P. J., Dissenting.—I dissent from that part of the decision which affirms the judgment against Continental Oil Company.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1935.