[Civ. No. 3942.    Fourth Dist.    Sept. 2, 1949.]

ROBERT H. KAUFMAN, Appellant, v. JOHN W. BROWN et al., Respondents.

510

T. T. Crittenden for Appellant.

J. F. DüPaul, City Attorney, Louis M. Karp, Deputy City Attorney, Thomas Whelan and Ann Wansley for Respondents.

GRIFFIN, J.—Plaintiff instituted this action on January 16, 1948, for wrongful arrest and imprisonment claimed to have occurred on January 17, 1947. Both general and special demurrers to plaintiff's original complaint, the amended and the second amended complaints were sustained with leave to amend. Plaintiff declined to plead further. Judgment for defendants was thereupon rendered. Plaintiff appealed on the judgment roll.

The second amended complaint alleges that defendant Local 500, Waiters and Bartenders Union, is an unincorporated association and engaged in promoting and bettering the welfare and working conditions of its members; that defendant John W. Brown is secretary and treasurer thereof; that defendant Dick Ulrich is its business agent and that defendant Peter George is president and that said persons were officers and agents of said union and that defendants Glenn Besnah and Cyrus Sterns were police officers; that on January 17, 1947, the police officers, acting in their capacity as such, and the officers and agents of Local 500, Waiters and Bartenders Union, acting in its behalf and with its knowledge, consent and advice, maliciously, wrongfully and unlaw-

fully, and without an order, warrant or process of any court authorizing them so to do, forcibly arrested and imprisoned plaintiff and restrained him of his liberty for about 24 hours in the city jail; that plaintiff demanded to be taken before a magistrate so that he might be released on bail, but said defendants refused such demand; that they maliciously took plaintiff without making or filing any complaint or advising him of any charge or of the cause of his arrest; that after 24 hours he was released from custody by orders "of said police officers"; that in so doing defendants acted jointly and in concert and without reasonable or probable cause and with malicious intent to arrest, oppress and injure him; that as a result he suffered great mental and physical distress and has been damaged in his good name and reputation and credit in the sum of $15,000. Additional punitive damages in the sum of $30,000 are sought.

The grounds of demurrer are several. The first is that the second amended complaint does not state facts sufficient to constitute a cause of action against these defendants or any one of them.

█ It is apparent that the pleader was endeavoring to state a cause of action for false arrest and false imprisonment which is a trespass committed by one against the person of another by unlawful arrest or detention without authority. (*Neves* v. *Costa,* 5 Cal.App. 111 [89 P. 860]; Pen. Code, § 236; *Davis* v. *Pacific Telephone etc. Co.,* 127 Cal. 312 [57 P. 764, 59 P. 698].) █ A person detained pursuant to a lawful arrest cannot bring an action for the *false arrest* itself. (*Stubbs* v. *Abercrombie,* 42 Cal.App. 170 [183 P. 458].) However, an action for false imprisonment arising from unlawful detention may be maintained if the defendant unlawfully detains the prisoner for an unreasonable period of time and unnecessarily delays taking him before a magistrate within a reasonable time after his arrest. (*Williams* v. *Zelzah Warehouse Co.,* 126 Cal.App. 28 [14 P.2d 177]; Pen Code, § 849; Pen. Code, § 145; *Vernon* v. *Plumas Lumber Co.,* 71 Cal.App. 112 [234 P. 869]; 35 C.J.S. § 51, p. 582; *Roseman* v. *Korb,* 311 Mass. 75 [40 N.E.2d 255].) █ The question, therefore, is whether the complaint sufficiently alleges that plaintiff was unlawfully arrested or unlawfully detained by the defendants. Plaintiff specifically alleges that defendants *did not have a warrant* authorizing his arrest. This allegation, coupled with the allegation of imprisonment and the averment of damages, con-

stitutes a cause of action for false arrest. (*Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381]; *Collins* v. *Owens,* 77 Cal.App.2d 713 [176 P.2d 372]; *Peters* v. *Bigelow,* 137 Cal. 135 [30 P.2d 450]; *McAlmond* v. *Trippel,* 93 Cal.App. 584 [269 P. 937]; *Culver* v. *Burnside,* 43 S.D. 398 [179 N.W. 490]; *Sebring* v. *Harris,* 20 Cal.App. 56 [128 P. 7]; *Burton* v. *Drennan,* 332 Mo. 512 [58 S.W.2d 740]; 22 Am.Jur. §§ 101, 102, p. 419; 35 C.J.S. § 55, p. 591.)

█ Sections 836 and 837 of the Penal Code provide how a lawful arrest may be made without a warrant. Where arrest and confinement is without a warrant plaintiff need not plead that it was "without probable cause." (*Sebring* v. *Harris,* 20 Cal.App. 56 [128 P. 7]; *Brown* v. *Meier & Frank Co.,* 160 Ore. 608 [86 P.2d 79].) Plaintiff, in so pleading such a cause of action, where it is alleged that the arrest was forcibly and falsely made *without a warrant,* plaintiff need not negative all named factual situations in which plaintiff's arrest would have been lawful, and if matter of justification exists, it must be pleaded by the defendants. (*Knight* v. *Baker,* 117 Ore. 492 [244 P. 543]; *Greaves* v. *Kansas City Junior Orpheum Co.,* 229 Mo.App. 663 [80 S.W.2d 228, 236]; *Raymond* v. *Corrigan,* 37 S.D. 609 [159 N.W. 131]; *Adair* v. *Williams,* 24 Ariz. 422 [210 P. 853, 854]; 35 C.J.S. § 51, p. 579; 22 Am.Jur. § 90, pp. 415, 416; *Markovitz* v. *Blake,* 26 Ga.App. 153 [105 S.E. 622]; *Seaboard Oil Co.* v. *Cunningham,* 51 F.2d 321; *Burton* v. *Drennan,* 332 Mo. 512 [58 S.W.2d 740, 741]; *Greaves* v. *Kansas City Junior Orpheum Co.,* 229 Mo.App. 663 [80 S.W.2d 228].)

It should be here noted that the complaint in *Dillon* v. *Haskell,* 78 Cal.App.2d 814 [178 P.2d 462], was held insufficient because it did not allege that plaintiff was *arrested without a warrant* and did not negative all or any of the named factual situations in which plaintiff's arrest would have been lawful. In the complaint before us the plaintiff did allege that the arrest was made forcibly and unlawfully *without a warrant.*

In *Collins* v. *Owens,* 77 Cal.App.2d 713 [176 P.2d 372], it was specifically stated that when an arrest is made *without legal process* all that need be alleged to charge an unlawful arrest is the arrest without process, the imprisonment and the damages. The arrest without a warrant and the imprisonment that followed, having been alleged, there is a presumption that the imprisonment was unlawful and the burden rests upon the defendants to allege and prove its lawfulness or justification. (*People* v. *McGrew,* 77 Cal. 570 [20 P. 92];

*People* v. *Agnew,* 16 Cal.2d 655, 661 [107 P.2d 601]; *Mackie* v. *Ambassador Hotel etc. Corp.,* 123 ·Cal.App. 215, 221 [11 P.2d 3]; *Brown* v. *Meier & Frank Co., supra.*)

In *Peters* v. *Bigelow,* 137 Cal.App. 135 [30 P.2d 450], the rule is stated to be (quoting from the syllabus):

''When an arrest is made without process it is not necessary to allege, in an action for damages for false imprisonment, that such arrest was unlawful, but if process is employed the facts constituting the invalidity thereof must be set forth.

''In this action for damages for false imprisonment, where the complaint alleged plaintiffs' imprisonment in the county jail and their detention and restraint there without right or authority, and against their will, there was alleged such a trespass upon their rights as called upon defendants to show a justification therefor, and the complaint stated sufficient facts to constitute a cause of action.'' (See, also, *Foerst* v. *Hobro,* 125 Cal.App. 476 [13 P.2d 1055].)

Under the authorities cited and discussed the complaint in the instant action states a cause of action in this respect and the burden rests upon defendants to show justification.

The complaint contains another allegation that the defendant police officers and the other named defendants wrongfully, unlawfully and forcibly *imprisoned* plaintiff and restrained him of his liberty for about 24 hours; that plaintiff demanded to be taken to a magistrate so he might be released on bail, and that defendants refused; that defendants failed to make a complaint against him and that he was, after being held for 24 hours in the city jail, released without charge being preferred against him; and that all of the defendants ''in so doing,'' acted jointly and in concert.

In *Peckham* v. *Warner Bros. Pictures, Inc.,* 36 Cal. App.2d 214 [97 P.2d 472], which was an action for false arrest and false imprisonment, it was held that it was the duty of one making an arrest without a warrant to bring the person so arrested before a proper magistrate without unnecessary delay, and if this was not done the officer or private person who made the arrest became a trespasser from the beginning, and was liable for false arrest and imprisonment. In that case plaintiff was incarcerated for almost 24 hours before being released and was never taken before a magistrate. It was held that the question as to whether or not an unreasonable time had elapsed after the arrest before taking plaintiff

to a magistrate was a factual question for the jury. (See, also, *Korkman* v. *Hanlon Drydock etc. Co.*, 53 Cal.App. 147 [199 P. 880]; 12 Cal.Jur. § 4, p. 433.) The Peckham case also cites 22 American Jurisprudence [1939], page 366, False Imprisonment, section 20, stating the rule to be: " 'It is the duty of an officer or other person making an arrest to take the prisoner before a magistrate with reasonable diligence and without unnecessary delay; and the rule is well settled that whether the arrest is made with or without a warrant, an action for false imprisonment may be predicated upon an unreasonable delay in taking the person arrested before a magistrate . . ., regardless of the lawfulness of the arrest in the first instance . . . an officer arresting a person without a warrant, as on view under statute, is liable for a false imprisonment where he detains the prisoner an unreasonable time without securing a warrant or other legal authority for his detention.' " (See, also, 22 Am.Jur. § 85, p. 412.)

In *Keefe* v. *Hart*, 213 Mass. 476 [100 N.E. 558, 559], cited in the Peckham case, the Supreme Court of Massachusetts considered a similar question and held (quoting from the syllabus):

"It cannot be determined as a matter of law that a delay for an hour and a half, by officers arresting without warrant, in taking the prisoner before a magistrate, was reasonable, since such delay might have been beyond the time of adjournment of the magistrate's court, and involved a further delay; the question becoming one of law only when the facts are agreed." (See, also, *Jackson* v. *Miller*, 84 N.J.L. 189 [86 A. 50].)

Applying the above stated rules of law to the facts in the instant case, as pleaded, plaintiff being incarcerated for over 24 hours before being released, and in fact never having been taken before a magistrate, a cause of action for false imprisonment was stated. The issue as to whether an unreasonable time had elasped after the arrest of said plaintiff without taking him before a magistrate is a factual question.

The respondents cite *Mackie* v. *Ambassador Hotel, etc. Co.*, 123 Cal.App. 215 [11 P.2d 3], in support of their argument that there could be no liability as to defendant Local 500, Waiters and Bartenders Union. The facts established in that case differ from the allegations in the complaint before us. On demurrer we are compelled to accept the allegations of the complaint as true. Whether plaintiff will be able

to establish the truth of his allegations in this respect is not now before us, and as to the allegation in reference to the liability of Local 500, Waiters and Bartenders Union for the acts of its officers and agents, it is well established in California that a principal is liable for false imprisonment by an agent or employee acting in the scope of his authority. (*Weir* v. *Continental Oil Co.*, 5 Cal.App.2d 714, 716 [43 P.2d 375].)

In *Friskstad* v. *Medcraft*, 100 Cal.App. 188 [279 P. 840], it is specifically stated that a party who authorizes, encourages, directs or assists an officer to do an unlawful act, or procures an unlawful arrest, without process, or participates in the unlawful arrest or imprisonment, is liable. (See, also, *Peckham* v. *Warner Bros. Pictures, Inc., supra; Williams* v. *Zelzah Warehouse Co.*, 126 Cal.App. 28 [14 P.2d 177]; *Wood* v. *Lehne*, 30 Cal.App. 2d 222, 226 [85 P.2d 910]; *Montalbano* v. *Rainbow Gardens, Ltd.*, 9 Cal.App.2d 661 [50 P.2d 972]; *Moffatt* v. *Buffums', Inc.*, 21 Cal.App.2d 371, 375 [69 P.2d 424]; *Weir* v. *Continental Oil Co., supra; Frickstad* v. *Medcraft*, 100 Cal.App. 188, 194 [279 P. 840]; *Miller* v. *Fano*, 134 Cal. 103 [66 P. 183]; *Knight* v. *Baker*, 117 Ore. 492 [244 P. 543]; *Burton* v. *Drennan, supra; Collins* v. *Owens*, 77 Cal. App.2d 713, 719 [176 P.2d 372]; 12 Cal.Jur. § 12, p. 442.)

And in *McAlmond* v. *Trippel*, 93 Cal.App. 584 [269 P. 937], it was held (quoting from the syllabus):

"In an action for false imprisonment and malicious arrest, the allegations of plaintiff's complaint that several defendants, without process or commitment or legal authority of any kind whatsoever, arrested and imprisoned the plaintiff were sufficient, without alleging a conspiracy to arrest the plaintiff, or the definite part each defendant performed." (See, also, *Burton* v. *Drennan*, 332 Mo. 512 [58 S.W.2d 740].)

It has likewise been held that it is a factual question for the determination of the trial court or a jury whether or not, in making an arrest and in detaining a plaintiff for over 24 hours without taking him before a magistrate, defendants acted jointly and in concert with one another, and if so, whether such 24-hour delay was reasonable or unreasonable. (*People* v. *Lawrence*, 143 Cal. 148 [76 P. 893, 68 L.R.A. 193].)

The last ground of demurrer calling for our consideration is the claim that since the first complaint was filed on the last day of the year and did not set forth a cause of action against the union, the amended complaint setting forth

such a cause of action, if any, was barred by subdivision 3, section 340 of the Code of Civil Procedure, citing *McKnight* v. *Gilzean*, 29 Cal.App.2d 218, 220 [84 P.2d 213]. This claim is not meritorious. The original complaint named the union as a party defendant and alleged its legal existence, and also named the president, the business agent and secretary-treasurer as defendants and alleged that such defendants, acting within the scope of their authority as officers thereof, imprisoned plaintiff and deprived him of his liberty, unlawfully, and with force, without probable cause, without right or authority, and on a pretended charge, without making or filing a complaint against him or advising him of the charge or cause of the arrest. The facts pleaded in the second amended complaint did not change nor modify the cause of action first stated. It merely amplified and set forth additional matters to make the original cause of action more complete. Under the authorities the statute of limitations did not run against the cause of action set forth in the second amended complaint. (*Woods* v. *Cook*, 14 Cal.App.2d 560 [58 P.2d 965].)

Judgment reversed.

Barnard, P. J., and Mussell, J., concurred.