[S. F. No. 4887.    Department One.—May 13, 1909.]

MAGDALENA GOMEZ, Individually, and as Administratrix of the Estate of John H. Gomez, Deceased, Respondents, v. MICHAEL J. SCANLAN, BERNARD FERNANDEZ, and MANUEL F. FURTADO, Appellants.

ACTION FOR FALSE IMPRISONMENT OF MARRIED WOMAN—FALSE CHARGE OF GRAND LARCENY—ARREST BY CONSTABLE—PARTIES—WIFE A NECESSARY PARTY.—In an action for damages for the false imprisonment of a married woman by a constable upon a false and pretended charge of grand larceny, the husband and wife may be joined as parties; but the wife is a necessary party without whom there can be no recovery upon the cause of action alleged.

ID.—DAMAGES—COMMUNITY PROPERTY—FORM OF ACTION—EXCEPTION TO RULE OF HUSBAND'S SOLE CONTROL.—Though the right of action and the damages recovered are community property, this form of action is an exception to the rule that the husband has control of the community property and may sue or be sued alone where it is concerned.

ID.—DEATH OF HUSBAND PENDING SUIT—PROPER SUBSTITUTION OF PERSONAL REPRESENTATIVE.—The husband being a proper party to be joined with the wife, upon his death pending suit the administratrix of his estate, as his personal representative, was properly substituted as a party co-plaintiff with the wife.

ID.—ACTION ON OFFICIAL BOND OF CONSTABLE.—Though an action will not lie against the sureties on the official bond of a constable for trespasses committed not under color of office, nor in the line of his official duty, yet such action will lie when the constable arrested and imprisoned a party upon a false and pretended charge of felony, he having the right by virtue of his office to make an arrest upon said charge without a warrant.

ID.—SUFFICIENCY OF COMPLAINT AGAINST SURETIES.—Where the complaint against the constable and the sureties on his bond alleges that the constable, "acting in his official capacity as constable, did arrest and imprison the plaintiff on a pretended charge of grand larceny," it sufficiently shows the official character of the constable's acts; but even if the form of the averment be deemed of a conclusion of law, the complaint is sufficient as against a general demurrer, where other allegations show a case of trespass committed by the constable, "while attempting to perform some official act in the general line of his official duties."

ID.—LIABILITY OF CONSTABLE—INSTRUCTIONS.—The constable was liable for any wrongful act committed by him whether done officially or otherwise, and instructions based upon his acts alone that "if he unlawfully violated the personal liberty of the plaintiff, Magdalena

Gomez, or if, after making the arrest, he restrained her of her liberty for an unreasonable length of time without taking her before a magistrate, such detention constitutes a false imprisonment, and the jury must find a verdict for the plaintiffs," have relation only to a verdict as against him.

ID.—INSTRUCTION AS TO LIABILITY ON OFFICIAL BOND.—It is sufficient that in an instruction bearing directly on the liability of the sureties on the official bond of the constable, the jury were properly instructed that a verdict against such sureties should be rendered only if the constable was guilty of a false imprisonment of Mrs. Gomez, "while acting in his capacity of constable of the 11th township." Such instruction removed any ambiguity in the other instructions based on the action of the constable as affecting his liability.

ID.—MEASURE OF DAMAGES AGAINST CONSTABLE AND SURETIES—DETRIMENT PROXIMATELY CAUSED—ANTICIPATION NOT REQUIRED.—The court properly instructed the jury that the measure of damages is the amount which will compensate the plaintiffs for all the detriment proximately caused by the injury, whether it could have been anticipated or not, which rule of compensating damages also applies to the sureties on the official bond of the constable, who have thereby made themselves responsible for all torts committed by the principal in his official capacity; and their undertaking cannot therefore be governed by the measure of damages for mere breach of a contract.

ID.—DAMAGES NOT EXCESSIVE—DISCRETION OF JURY.—*Held,* in view of the facts proved, that it cannot be held as matter of law that the damages awarded to the plaintiff in the sum of two thousand dollars was so great as to show that it was rendered by the jury under the influence of passion or prejudice. In cases of this kind the extent to which the allowance may go must in large measure be left to the sound discretion of the jury; and where this court cannot say that the verdict is so disproportionate to the injury proved that it cannot be the result of the cool and dispassionate discretion of the jury, its verdict will not be disturbed.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. William S. Wells, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, and R. H. Latimer, for Appellants.

William M. Cannon, and H. V. Alvarado, for Respondents.

SLOSS, J.—This is an action to recover damages for false imprisonment of the plaintiff Magdalena Gomez by the defendant Scanlan. Scanlan was constable of the eleventh

township of the county of Contra Costa, and his codefendants were sureties on his official bond. After the commencement of the action, John H. Gomez, who, as husband of Magdalena, had joined as plaintiff, died. His wife obtained letters of administration of his estate, and, as administratrix, was substituted for the decedent. Individually, and as such administratrix, she recovered judgment for two thousand dollars. The defendants appeal from the judgment and from an order denying their motion for a new trial.

1. The death of John H. Gomez and the appointment of Magdalena Gomez as administratrix of his estate, were made to appear by means of a supplemental complaint. The defendants demurred to this pleading on the ground of misjoinder of parties plaintiff, and, the demurrer having been overruled, set up the alleged misjoinder in their answer. It is contended that the action was, originally, one to recover community property, and, as such, should have been brought by the husband alone. In such action the wife, it is claimed, cannot properly be joined as plaintiff either with the husband or with his personal representative. This position is fully refuted by a reference to the authorities on the point. In *McKune* v. *Santa Clara V. M. & L. Co.,* 110 Cal. 481, [42 Pac. 980], the court said that "though the right of action and the damages recovered are community property, this form of action is an exception to the rule that the husband has control of the community property and may sue or be sued alone where it is concerned. The wife is a necessary party." The doctrine so declared had been established as the law of this state by a long line of prior decisions. (*Sheldon* v. *Steamer Uncle Sam,* 18 Cal. 526, [79 Am. Dec. 193]; *Matthew* v. *Canadian Pacific R. R. Co.,* 63 Cal. 450; *Tell* v. *Gibson,* 66 Cal. 247, [5 Pac. 223]; *Baldwin* v. *Second St. C. R. Co.,* 77 Cal. 390, [19 Pac. 644]; *McFadden* v. *Santa Ana R. Co.,* 87 Cal. 464, [25 Pac. 681]; *Neal* v. *Depot R. Co.,* 94 Cal. 425, [29 Pac. 954].) If the husband and wife were properly joined as plaintiffs in the first instance, there can be no objection to substituting for the deceased husband his personal representative. (*Gomez* v. *Scanlan,* 2 Cal. App. 579, [84 Pac. 50].)

2. It is contended that the complaint is insufficient as against the sureties for want of allegations tending to show that Scanlan, in arresting and detaining the plaintiff Magda-

lena, was acting under color of his office. It is undoubtedly true, as urged by appellants, that the sureties on a constable's bond are not liable for his trespasses committed not under color of office nor in the line of official duty. (*Felonicher* v. *Stingley*, 142 Cal. 630, [76 Pac. 504].) The complaint in this case, however, sufficiently shows the official character of Scanlan's acts. It alleges that Scanlan, acting in his capacity as constable, did arrest and imprison the plaintiff Magdalena Gomez on a pretended charge of grand larceny. On such charge, one of felony, he had authority, as a peace officer, to make an arrest without a warrant (Pen. Code, sec. 836). Even if the averment that Scanlan was "acting in his capacity as constable" be rejected as a statement of a conclusion of law, the other allegations are enough to make out a case of a trespass committed by Scanlan, "while attempting to perform some official act in the general line of his official duties." (*Felonicher* v. *Stingley*, 142 Cal. 630, [76 Pac. 504].) As against a general demurrer—the only form in which defendants attempted to make this objection—the complaint certainly cannot be treated as totally lacking in averment of essential facts.

3. The cause was tried before a jury. Certain instructions given by the court are assailed. One of them directs the jury that, if they find that Scanlan unlawfully violated the personal liberty of the plaintiff Magdalena Gomez, they "must find a verdict for the plaintiffs." Another that if Scanlan, after making the arrest, restrained Mrs. Gomez of her liberty for an unreasonable time without taking her before a magistrate, such detention constituted a false imprisonment, and in such case the jury "must find a verdict for the plaintiffs." The criticism directed against these instructions is that they do not inform the jury that the liability of defendants would arise only if the wrong committed by Scanlan was one done by him in his official capacity. This qualification, however, was applicable only to the defendants who were sued as sureties. Scanlan himself was of course liable for any wrongful act committed by him, whether officially or otherwise. The instructions merely state that the plaintiffs are, under the circumstances stated, entitled to a verdict, not that such verdict must go against all of the defendants. In a later instruction, dealing specifically with the responsibility of the defend-

ant sureties, the jury were instructed that a verdict against such sureties should be rendered only if Scanlan was guilty of a false imprisonment of Mrs. Gomez, "while acting in his capacity of constable of the 11th township." This removed any ambiguity that might be thought to reside in the earlier instructions, taken by themselves. To the suggestion that the court should have stated the circumstances under which the constable might be held to have acted in his official capacity, the answer is that it was incumbent on the defendants to request an instruction on this precise matter, if they desired it.

The court instructed the jury that "the measure of damages is the amount which will compensate the plaintiffs for all the detriment proximately caused by the injury, whether it could have been anticipated or not." This was a statement of the rule for fixing the damages in cases of tort, or "obligations not arising from contract." (Civ. Code, sec. 3333.) The measure of damages for the breach of an obligation arising from contract is, ordinarily, "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom." (Civ. Code, sec. 3300.) It is argued that, inasmuch as the action against the sureties is one upon a contract, i. e., their undertaking, the proper measure of damages as to them is that declared by section 3300. The plaintiffs, it is said, should have been limited to compensation for the detriment likely to result from the breach, instead of being permitted to measure their damage by the detriment proximately caused, "whether it could have been anticipated or not." But this argument overlooks the true nature of the obligation of the sureties. By their bond, they agree to make themselves liable, to the amount specified, for the faithful performance by the principal of his official duties. In reality, they undertake to be responsible for all torts committed by the principal in his official capacity. Their contract can be given full effect only by making their liability coextensive with that of the principal, up to the amount of their undertaking. This is the liability which was within the contemplation of the parties as likely to result from a breach of official duty by the principal. We are here speaking of compensatory damages alone. No question of the liability of sureties for punitive damages is presented by this record.

4. It is claimed that the damages awarded are excessive. Mrs. Gomez testified that she was arrested by the defendant Scanlan after five o'clock in the afternoon, at the town of Pinole. The constable, refusing to give her an opportunity to send word to her husband, ordered her to accompany him. He "pushed her along the street as if she were a man." When they reached the jail, he insisted upon her entering. At that time her husband arrived, and demanded that she be brought before a justice of the peace. Scanlan refused to comply with this demand, and attempted by force to compel Mrs. Gomez to go into the jail. He refused the offer of various persons to furnish bail, and detained his prisoner on the street, which was crowded with people, for three or four hours, until night came. Finally he released her. She "was shivering with cold and the shame," and could hardly walk. When she got home, she had hysterics and spasms and was sick in bed for two days. There was testimony which conflicted with the foregoing statement in various particulars. But if the jury accepted Mrs. Gomez's version of the occurrence, as they had a right to do, we cannot, as matter of law, say that a verdict of two thousand dollars was so great as to show that it was rendered "under the influence of passion or prejudice." (Code Civ. Proc., sec. 657.) The amount of money which will compensate one for an unwarranted restraint of his person is not the subject of exact computation. Especially is this true where the invasion of the right of personal liberty is accompanied by circumstances causing humiliation, shame, and public disgrace to the party injured. In cases of this kind the extent to which the allowance may go must, in large measure, be left to the sound discretion of the jury. A court is justified in overturning a verdict as excessive only where its amount is "obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury." (*Morgan* v. *Southern Pacific Co.,* 95 Cal. 501, 508, [30 Pac. 601, 603].) We cannot say that such disproportion is shown here.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.