[Civ. No. 4103.  Third Appellate District.—September 15, 1932.]

THOMAS E. WILLIAMS, Respondent, v. ZELZAH WARE-
HOUSE COMPANY (a Corporation) et al., Defend-
ants; G. A. GRAY, Appellant.

Thomas C. Ridgway, R. F. Bailey, Erwin P. Werner and
J. E. Lambert for Appellant.

Jess E. Stephens, City Attorney, Frederick von Schrader,
Deputy City Attorney, and Earl D. Killion for Respondent.

JAMISON, J., pro tem.—This action was brought by plain-
tiff against defendants for false imprisonment and malicious
prosecution.  The complaint contains two counts, the first

count being for false imprisonment, and the second count being for malicious prosecution. The second count was dismissed by plaintiff, and a trial was had on the first count. Judgment was rendered in favor of defendants Zelzah Warehouse Company and Fred Cooper and against defendant G. A. Gray, for damages in the sum of $100, and from this judgment the said Gray has appealed.

On the twenty-seventh day of October, 1924, appellant was a police officer in the city of Los Angeles, and on that day between the hours of 7:30 o'clock A. M. and 9 o'clock A. M. he arrested respondent, without a warrant authorizing him so to do. After making said arrest appellant took respondent to the Van Nuys Police Station in said city, and had him imprisoned. He did nothing further until shortly before noon of the next day, when he went to the office of the district attorney and had a complaint filed charging respondent with a misdemeanor.

According to the evidence appellant was informed by defendant Cooper, who was the manager of the Zelzah Warehouse Company, that the warehouse of said company, located in the city of Los Angeles, had been entered by a burglar and several sacks of grain were stolen therefrom. That upon investigation appellant found a trail of grain leading from the said warehouse to the vicinity of a residence where respondent was boarding, and upon examining said premises found grain sacks and grain corresponding to that taken from the warehouse.

It appears that the residence, to the vicinity of which the trail of grain led, was owned by a Mrs. Roe, and that respondent and two other men were boarding with her. Respondent was arraigned upon said charge at 2 o'clock P. M. on the twenty-eighth day of October, 1924, and thereafter was tried and acquitted.

The court found that after he had arrested respondent, appellant took him to the Van Nuys Police Station in the city of Los Angeles, and there booked him for a felony, to wit, grand larceny, and that appellant was wrongfully and unlawfully imprisoned and confined therein for a period of about thirty-two hours without a legal or any warrant for respondent's arrest, or any legal process whatever.

Appellant contends that when he booked respondent at the said police station his liability for the confinement

thereupon ceased. He bases this contention upon the rules and regulations of the police department of the city of Los Angeles, but no rules or regulations of the said city were produced in evidence, and none are contained in the record.

In the case of *Korkman* v. *Hanlon Dry Dock etc. Co.*, 53 Cal. App. 147 [199 Pac. 880, 884], commenting on the case of *Gisske* v. *Sanders*, 9 Cal. App. 13 [98 Pac. 43], the court said: "The court held that the arrest of the plaintiff was justified; also, that plaintiff consented thereto, and voluntarily accompanied the arresting officer to the station where the sergeant made an independent investigation, and his incarceration was at the instance of the sergeant." It is said in that case: "The rule as to the responsibility of the arresting officer is otherwise where he has the authority to, and does direct the confinement of the prisoner, or where the confinement is the direct result of the arrest."

█ Appellant testified that he took respondent to the Van Nuys Police Station after his arrest and left him there in jail, and that the next day he and defendant Cooper called at the office of the city prosecutor to get a complaint against respondent, which was secured about 11 o'clock A. M. of the twenty-eighth day of October, 1924. Section 849 of the Penal Code provides that: "When an arrest is made without a warrant by a peace officer or private person, the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and an information stating the charge against the person must be laid before such magistrate." Section 145 of the same code is as follows: "Every public officer or other person, having arrested any person on a criminal charge, who wilfully delays to take such person before a magistrate having jurisdiction to take his examination, is guilty of a misdemeanor."

In the case of *Vernon* v. *Plumas Lumber Co.*, 71 Cal. App. 112 [234 Pac. 869, 872], the court said: "The rule is well established that a prisoner is entitled to a hearing within a reasonable time after his arrest, and that a delay for an unreasonable time in bringing him before the magistrate for examination constitutes false imprisonment," citing authorities. The duty of an officer to bring the prisoner, arrested without warrant, before a magistrate, that proceedings for a trial may be instituted, and that he may have an oppor-

tunity to give bail or otherwise procure his release is even more imperative than if a warrant had been issued before arrest. (11 R. C. L. 801.)

There is no evidence that any efforts were made by appellant to comply with the requirements of said section 849 of the Penal Code, nor was there any evidence tending to justify this delay. It appears from the evidence that magistrates having jurisdiction of the offense for which respondent was imprisoned were easily accessible.

It has been held that a delay of from one and a half to four hours in failing to take a prisoner before the magistrate, arrested by an officer without a warrant, constitutes false imprisonment. (*Vernon* v. *Plumas Lumber Co.*, *supra;* *Gomez* v. *Scanlan*, 155 Cal. 528 [102 Pac. 12]; *Keefe* v. *Hart et al.*, 213 Mass. 476 [Ann. Cas. 1914A, 716, 100 N. E. 558].)

In the instant case respondent was imprisoned for more than thirty hours prior to any charge being preferred against him, with no opportunity of being released on bail or otherwise procuring his release. This, according to the authorities, was manifestly an unnecessary delay. Nor was there any evidence offered by appellant tending to justify this delay. Respondent was confined in jail for an unreasonable length of time as the result of his arrest by appellant. The arrest was made without a warrant, and appellant failed to take respondent before a magistrate for upwards of thirty hours after the arrest had been made. This was a plain violation of law and constitutes false imprisonment.

The judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.