[L. A. No. 23738.   In Bank.   Nov. 4, 1955.]

FRANK DRAGNA, Appellant, v. LYNN WHITE
et al., Respondents.

William W. Shaw and Robert H. Green for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Bourke Jones, Assistant City Attorney, Robert B. Burns and Ralph J. Eubank, Deputy City Attorneys, Reed & Kirtland and Robert C. Packard for Respondents.

GIBSON, C. J.—Plaintiff sued three members of the Los Angeles Police Department seeking damages for false arrest and imprisonment. Defendants did not demur, but when the case came on for trial they objected to the introduction of any evidence on the ground that the complaint did not state a cause of action. The objection was sustained, and defendants' motion for judgment on the pleadings was granted without leave to amend. ■ It was, of course, error to grant the motion if the complaint states a cause of action. (*Chas. L. Harney, Inc.* v. *Contractors' State License Board,* 39 Cal.2d 561, 565 [247 P.2d 913] ; *Budrow* v. *Wheatcraft,* 115 Cal.App.2d 517, 522 [252 P.2d 637] ; see 2 Witkin, California Procedure (1954), pp. 1500, 1704; *cf. MacIsaac* v. *Pozzo,* 26 Cal.2d 809, 812-813 [161 P.2d 449].)

The complaint alleges as follows: About 10 p. m. on February 13, 1950, defendants unlawfully arrested plaintiff without a warrant or process of any kind, and against his will they caused him to be taken to the offices of the Los Angeles Police Department. They locked him in a room, and, about 3 a. m., without his consent and with intent to injure and humiliate him, they admitted a large number of newspaper reporters and photographers and caused him to be photographed, knowing that his picture would be published

throughout the United States as that of a criminal held for the commission of a felony. Defendants then removed him to the Los Angeles city jail and, without permitting him to communicate with an attorney or anyone else, kept him in a cell until they released him on February 16. No charges were filed against plaintiff either prior or subsequent to his arrest. While he was in custody defendants stated to newspaper reporters that he was being held for suspicion of conspiracy to commit murder, that he was a member of a criminal gang and a mobster, that he had been under police observation for the nine months immediately preceding his arrest and that they found an arsenal of firearms in his home at the time of his arrest. Plaintiff has always been a law-abiding citizen and has never been a mobster or a member of any criminal gang. No firearms were found in or maintained in his home or removed from it by defendants, and had they kept him under observation they would have discovered no evidence to sustain his arrest or the wrongful statements which were made by defendants to the reporters. Plaintiff since his birth has resided in the city of Los Angeles, where he attended grammar school, high school and the University of Southern California. He served in the United States Army in World War II, had an eye shot out in enemy action and was honorably discharged upon the conclusion of the war. Defendants were at all times aware of and had full knowledge of the foregoing facts, and in making the arrest they acted with deliberate and premeditated malice and with intent to injure plaintiff. The complaint prays for actual damages in the sum of $250,000 and punitive damages in the amount of $100,000.

A police officer who makes an arrest without a warrant and without justification may be held civilly liable for false arrest and imprisonment. (*Miller* v. *Glass,* 44 Cal.2d 359, 361 [282 P.2d 501]; *Hughes* v. *Oreb,* 36 Cal.2d 854, 857 [228 P.2d 550]; *Gomez* v. *Scanlan,* 155 Cal. 528 [102 P. 12]; *Oppenheimer* v. *City of Los Angeles,* 104 Cal.App.2d 545 [232 P.2d 26]; *Kaufman* v. *Brown,* 93 Cal.App.2d 508 [209 P.2d 156].) A cause of action for false imprisonment based on unlawful arrest is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages. Upon proof of those facts the burden is on the defendants to prove justification for the arrest. (*Hughes* v. *Oreb,* 36 Cal.2d 854, 858 [228 P.2d 550]; *Kaufman* v. *Brown,* 93 Cal.App.2d 508, 511-513 [209 P.2d 156]; *Collins* v. *Jones,* 131 Cal.App. 747, 750 [22 P.2d 39]; see 1 Cooley on

Torts [4th ed. 1932], § 112, pp. 360-361; 22 Am.Jur. 422, 427; *cf. People* v. *Agnew,* 16 Cal.2d 655, 661-664 [107 P.2d 601].) The complaint contains the essential averments for false imprisonment on this theory, but it is argued that the additional allegations regarding the statements made by defendants to the reporters show as a matter of law that defendants had reasonable cause to make the arrest.* It is not alleged that the statements made by defendants were true or that defendants believed them to be true or had reasonable cause for such belief. To the contrary, it is in effect alleged that the statements were untrue and that defendants were aware of the true facts. ▆ The allegations regarding defendants' declarations to the press, which may have been directed to the claim of punitive damages, do not negative the cause of action for false arrest.

The complaint also alleges sufficient facts to state a cause of action on the theory that there was unnecessary delay in bringing plaintiff before a magistrate. Section 849 of the Penal Code provides: "When an arrest is made without a warrant by a peace officer or private person, the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and a complaint stating the charge against the person, must be laid before such magistrate." ▆ In the light of this section it has been held that an action for false imprisonment may be maintained if the defendant unlawfully detains the prisoner for an unreasonable period of time and unnecessarily delays taking him before a magistrate. (*Kaufman* v. *Brown,* 93 Cal.App.2d 508, 511 [209 P.2d 156] (24 hours); *Williams* v. *Zelzah Warehouse Co.,* 126 Cal.App. 28, 30-31 [14 P.2d 177] (32 hours); *Vernon* v. *Plumas Lbr. Co.,* 71 Cal.App. 112, 117-118 [234 P. 869] (2-3 hours); see *Gomez* v. *Scanlan,* 155 Cal. 528, 531 [102 P. 12] (3 or 4 hours); *Peckham* v. *Warner Bros. Pictures, Inc.,* 36 Cal. App.2d 214, 218-219 [97 P.2d 472].)

Defendants contend that section 849, quoted above, must be read with section 825 of the Penal Code, which provides that

---

*Section 836 of the Penal Code provides that an officer may make an arrest without a warrant "1. For a public offense committed or attempted in his presence. 2. When a person arrested has committed a felony, although not in his presence. 3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. 4. On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested. 5. At night, when there is reasonable cause to believe that he has committed a felony."

the defendant "must in all cases be taken before the magistrate without unnecessary delay, and, in any event, within two days after his arrest, excluding Sundays and holidays. . . ." It is claimed that under this provision a prisoner may be held in all cases for two days without being taken before a magistrate.* ▊ The statute, however, does not authorize a two-day detention in all cases but, instead, places a limit upon what may be considered a necessary delay, and a detention of less than two days, if unreasonable under the circumstances, is in violation of the statute. (*People* v. *Stroble*, 36 Cal.2d 615, 624-625 [226 P.2d 330] (about 24 hours).) ▊ Moreover, the duty to bring the prisoner before a magistrate without delay is even more imperative where, as here, the arrest is made without a warrant. (*Williams* v. *Zelzah Warehouse Co.*, 126 Cal.App. 28, 30-31 [14 P.2d 177].)

Citation herein of *Kaufman* v. *Brown*, 93 Cal.App.2d 508, 513 [209 P.2d 156], and *Peckham* v. *Warner Bros. Pictures, Inc.*, 36 Cal.App.2d 214, 218 [97 P.2d 472], should not be construed as implying our approval of language in the opinions in those cases to the effect that, when there is unreasonable delay in taking a person before a magistrate after a lawful arrest, the false imprisonment dates from the time of the arrest. There is also similar language in *Korkman* v. *Hanlon Drydock & Shipbuilding Co.*, 53 Cal.App. 147, 156 [199 P. 880]. ▊ We are satisfied that the better rule is that where the arrest is lawful, subsequent unreasonable delay in taking the person before a magistrate will not affect the legality of the arrest, although it will subject the offending person to liability for so much of the imprisonment as occurs after the period of necessary or reasonable delay. (See Rest., Torts, § 136, com. d; *Atchison, T. & S. F. Ry. Co.* v. *Hinsdell*, 76 Kan. 74 [90 P. 800, 13 Ann.Cas. 981, 12 L.R.A. N.S. 94]; *Oxford* v. *Berry*, 204 Mich. 197 [170 N.W. 83]; *Stromberg* v. *Hansen*, 177 Minn. 307 [225 N.W. 148]; *Teel* v. *May Department Stores Co.*, 348 Mo. 696 [155 S.W.2d 74, 137 A.L.R. 495]; *Brown* v. *Meier & Frank Co.*, 160 Ore. 608 [86 P.2d 79]; see also Bohlen and Shulman, *Effect of Subsequent Misconduct Upon a Lawful Arrest*, 28 Columb. L.Rev. (1928) 841, 849, 852, 858.)

---

*Defendants assert that plaintiff filed with the city a verified claim stating that he was released on February 15, whereas the complaint alleges that he was released on the 16th. The claim is not before us, and the period of plaintiff's detention must be determined by the trier of the facts.

Defendants' assertion that their custody of plaintiff ceased when he was placed in the city jail and that they were not responsible for his subsequent detention is contrary to the facts alleged in the complaint and therefore need not be considered by us.

The judgment is reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.