[Civ. No. 23014.   Second Dist., Div. Three.   Sept. 26, 1958.]

A. LINCOLN, Appellant, v. A. THOMAS GRAZER et al.,
Respondents.

A. Lincoln, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered on an order sustaining the demurrers of defendants to the original complaint without leave to amend.

The complaint alleges:

1. On August 14, 1957, defendants "without warrant or legal right or authority, whatsoever, wilfully and maliciously caused, instigated, perpetrated, directed, procured, stirred up and agitated the arrest and impri[s]onment of the plaintiff, to his damage in the sum of $5,000.00"; they "did so corruptly and by collusive arrangement among themselves, commonly known as a 'fix,' on a false, malicious, untrue and fabricated misdemeanor contempt charge, without facts, evidence or jurisdiction to support it."

2. Defendants wilfully and maliciously deprived plaintiff of his right to secure legal counsel, held him without bail, and failed and refused to comply with sections 849 and 4001 of the Penal Code,[1] but "forced plaintiff to be confined under maximum security, to sleep on the floor, without proper care, in unfit, unsafe and overcrowded conditions, and in condemned

---

[1]Section 849, in pertinent part: "When an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable, and a complaint stating the charge against the arrested person, must be laid before such magistrate."

Section 4001: "Each county jail must contain a sufficient number of rooms to allow all persons belonging to either one of the following classes to be confined separately and distinctly from persons belonging to either of the other classes:

"1. Persons committed on criminal process and detained for trial;

"2. Persons already convicted of crime and held under sentence;

"3. Persons detained as witnesses or held under civil process, or under an order imposing punishment for a contempt;

"4. Males separately from females."

detention facilities, thereby endangering his life, limbs and health, to his further damage in the sum of $5,000.00."

3. Defendants wilfully, maliciously, and corruptly failed to protect the rights, health, safety and well-being of plaintiff while he was thus unlawfully confined; but they caused, directed, encouraged, suffered, and permitted brutal assaults on plaintiff to his further damage in the sum of $5,000.

4. Defendants maliciously caused and directed jail trusties to spray plaintiff three times in five days with a strong and burning solution about his head and body to his damage in the sum of $750.

5. Defendants had an untrained and incompetent person—not a doctor, and not qualified to do so—carelessly, recklessly, and negligently, without the consent of plaintiff and without warrant or authority, jab plaintiff in the right arm with a needle and remove and extract blood from him to his damage in the sum of $250.

The prayer is for $16,000 damages.

Defendants Grazer, Chantry, Fox, Rhone, and Biscailuz demurred jointly on the grounds the complaint does not state facts sufficient to constitute a cause of action against them; it is uncertain and ambiguous in various particulars; and several causes of action are not separately stated. Defendant Kennedy filed a separate demurrer on the same grounds. The record does not disclose the ground or grounds on which the demurrers were sustained.

■ "On appeal from a judgment sustaining a demurrer to a complaint the allegations of the complaint must be regarded as true. The court must, in every stage of an action, disregard any defect in the pleadings which does not affect the substantial rights of the parties. (Code Civ. Proc., § 475.) 'Pleadings must be reasonably interpreted; they must be read as a whole and each part must be given the meaning that it derives from the context wherein it appears.' [Citation.]

■ All that is necessary as against a general demurrer is to plead facts entitling the plaintiff to some relief. [Citation.] 'In determining whether or not the complaint is sufficient as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the

cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged.' [Citation.] ▮ In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties. [Citations.] 'While orderly procedure demands a reasonable enforcement of the rules of pleading, the basic principle of the code system in this state is that the administration of justice shall not be embarrassed by technicalities, strict rules of construction, or useless forms.' [Citation.]'' (*Hardy* v. *San Fernando Valley C. of C.*, 99 Cal.App.2d 572, 577-578 [222 P.2d 314].) ▮ Unless it is clear that a complaint cannot be amended to state a cause of action, it is error to sustain a demurrer thereto without leave to amend. (39 Cal.Jur.2d 244, § 168.)

The complaint alleges an unlawful arrest and imprisonment. ▮ " 'Where a complaint is based upon an arrest made without a warrant, for a misdemeanor not committed within the presence of an officer, as it is here, all that need be alleged to charge the unlawful arrest is (1) the arrest without process, (2) the imprisonment, and (3) the damage. (*Collins* v. *Owens, supra* [77 Cal.App.2d 713 (176 P.2d 372)], p. 718; *Kaufman* v. *Brown*, 93 Cal.App.2d 508, 511-512 [209 P.2d 156].) While other matters not necessary to a cause of action for false imprisonment are here alleged, the complaint contains the vital allegations. As against a general demurrer the surplus allegations must be disregarded.' '' (*Miller* v. *Glass*, 44 Cal.2d 359, 361-362 [282 P.2d 501].) "A cause of action for false imprisonment based on unlawful arrest is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages. ▮ Upon proof of those facts the burden is on the defendant to prove justification for the arrest." (*Dragna* v. *White*, 45 Cal.2d 469, 471 [289 P.2d 428].) ▮ All who take part or assist in an unlawful arrest are joint tortfeasors. Each participant in the wrongful act is responsible as a joint tort feasor for all damages ensuing from the wrong, regardless of whether he was a direct actor and regardless of the degree of his activity. (*McAlmond* v. *Trippel*, 93 Cal.App. 584, 587 [269 P. 937]; *Turner* v. *Whittel*, 2 Cal.App.2d 585, 589 [38 P.2d 835].)

▮ The complaint also states a cause of action on the theory that there was unnecessary delay in bringing plaintiff before a magistrate. An action for false imprisonment may be maintained if the defendant unlawfully detains the prisoner for an unreasonable period of time and unnecessarily delays

taking him before a magistrate. (*Dragna* v. *White, supra,* 45 Cal.2d 469, 472.)

There are uncertainties in the complaint and at least two causes of action are not separately stated. It is an abuse of discretion to sustain a special demurrer to an original complaint without leave to amend if a cause of action is or can be stated. (*Kauffman* v. *Bobo & Wood,* 99 Cal.App.2d 322, 323 [321 P.2d 750].)

The judgment is reversed with directions to the superior court to grant plaintiff leave to amend the complaint.

Wood (Parker), Acting P. J., concurred.

A petition for a rehearing was denied October 22, 1958.