This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN THE MATTER OF GUARDIANSHIP**
**AND CONSERVATORSHIP FOR**
**EDWARD MALOOF, an incapacitated**
**adult.**

                                            **NO. 29,891**

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Robert Richards
Santa Fe, NM

for Conservator

John McCall, Law Works L.L.C.
John McCall
Albuquerque, NM

Guardian ad Litem

Laurie A. Hedrich, PA
Laurie A. Hedrich
Albuquerque, NM

for Guadian Angels Guardian

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Appellant appeals from orders appointing a conservator and a plenary guardian for him. In this Court's notice of proposed summary disposition, we proposed to affirm. Appellant has filed a memorandum in opposition. We have considered Appellant's arguments, and as we are not persuaded by them, we affirm.

**Denial of the Petition to Replace the Conservator**

Appellant contends that the district court erred in denying his motion to replace his niece, Nancy Kersey, with another conservator. [DS 19] Appellant asserts that the district court should have replaced Ms. Kersey because "the medical professionals who testified all recommended against" retaining Ms. Kersey as the conservator. [DS 19] Appellant also contends that the district court erred in failing to set a hearing on his motion. [DS 19]

In this Court's notice of proposed summary disposition, we noted that in the district court, Appellant, through his original guardian ad litem, represented that he did not oppose the appointment of Ms. Kersey as conservator. Accordingly, we proposed to conclude that he waived any argument that there was not clear and convincing evidence that Ms. Kersey was both qualified and suitable for the appointment, as required by NMSA 1978, Section 45-5-407(I)(5) (1998). *See Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, 121 N.M. 258, 263, 910 P.2d 334, 339 ("A party who has contributed, at least in part, to perceived shortcomings in

2

a trial court's ruling should hardly be heard to complain about those shortcomings on appeal."). Appellant does not challenge this conclusion in his memorandum in opposition. Accordingly, the issue to be reviewed is whether the district court erred in refusing to replace an otherwise qualified and suitable guardian under the facts of this case.

In the district court, Mr. Maloof filed his petition to replace Ms. Kersey as his conservator pursuant to NMSA 1978, Section 45-5-430 (1975). [RP 92] However, that section provides that upon petition of "[t]he protected person, his personal representative, the conservator, or any other person interested in the welfare of a person for whom a conservator has been appointed" the district court may terminate the conservatorship if it finds that the "disability of the protected person has ceased." Section 45-5-430. As Appellant did not contend that his disability had ceased at the time of the filing of the petition, the district court did not err in refusing to terminate the guardianship pursuant to this provision.

NMSA 1978, Section 45-5-416(A)(4) (1975), permits "[a]ny person interested in the welfare of a person for whom a conservator has been appointed" to file a petition seeking the removal of the conservator and the appointment of a temporary or successor conservator. Unlike Section 45-5-430, Section 45-5-416(A) does not specify that the protected person may file a motion pursuant to its provisions.

3

Assuming without deciding that the phrase "[a]ny person interested in the welfare of a person for whom a conservator has been appointed" is intended to include the protected person himself, we conclude that the district court did not err in refusing to remove Ms. Kersey and replace her with one of the suggested successor conservators. As Appellant provides no New Mexico authority setting out the standard of review on this issue and as his out-of-jurisdiction authorities do not support his argument, we review the district court's decision regarding the replacement of a conservator for an abuse of discretion. *Cf. In re Candice Y.*, 2000-NMCA-035, ¶ 32, 128 N.M. 813, 999 P.2d 1045 (reviewing for an abuse of discretion a district court's decision not to replace a guardian ad litem).

The district court did not abuse its discretion in refusing to substitute another conservator for Ms. Kersey. The tape logs indicate that the court-appointed qualified healthcare professional, Dr. Russell, testified that whoever was appointed to a position of control over Mr. Maloof's affairs would have problems with him. [RP 376] This testimony was consistent with what Dr. Russell stated in his report, which was not that Ms. Kersey should be removed as conservator due to concerns that her conservatorship would cause health problems for Mr. Maloof, but rather because it might strain their familial relationship. [RP 150] This testimony is also consistent with the court visitor's reports, which state that Mr. Maloof becomes angry with Ms.

Kersey because of her role in taking over his financial affairs, and not because of any personal issues he has with her, such that he would be angry with anyone acting as his conservator. [RP 368, 452] Although two other doctors testified that Mr. Maloof's anxiety was heightened in relation to Ms. Kersey [RP 377, 379], the district court was entitled to rely on Dr. Russell's testimony to conclude that removing Ms. Kersey as conservator would not relieve Mr. Maloof of his anxiety with respect to his loss of control over important aspects of his life because his anxiety would be the same with any person acting as his conservator. The district court would be particularly justified in this conclusion in light of evidence that Mr. Maloof was suffering from dementia, paranoia, and a personality disorder. [RP 376] Although there was conflicting testimony on this issue, the district court was entitled to resolve any conflicts in the evidence, and this Court will not re-weigh the evidence on appeal. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

Appellant also contends that the district court erred in refusing to hold a hearing on Appellant's motion to replace Ms. Kersey. However, as we stated in our notice of proposed summary disposition, Appellant failed on two occasions to request a hearing and had at least two opportunities to present evidence and argument to the district court. Appellant filed a pro se motion to change his conservator on February 22,

2008. [RP 70] Because Appellant had counsel and because no hearing was sought on the motion, the district court did not err in failing to grant a hearing at that point. On April 16, 2008, John McCall filed a motion on behalf of Mr. Maloof, asking that Mr. McCall be appointed to replace Mr. Maloof's guardian ad litem. [RP 90-95] In the motion, Mr. McCall also sought to terminate the conservatorship of Ms. Kersey and to replace her with a successor conservator. [RP 90-95] The record indicates that Mr. McCall did not file a request for a hearing on his motion. Nevertheless, a status hearing was scheduled for June 3, 2008, and at that hearing Mr. McCall was apparently given the opportunity to argue in support of his motion. [RP 106, 115-18] The district court appointed Mr. McCall as Appellant's replacement guardian ad litem. [RP 116-17] With respect to the conservatorship, Mr. McCall apparently did not call any witnesses or present any evidence to support his argument that Ms. Kersey should be removed as conservator, and the district court stated that she would remain conservator for the time being. [RP 115-18]

On August 29, 2008, Mr. Maloof filed a motion for a temporary appointment of a conservator and a request for a status hearing. [RP 124-25, 126] Mr. Maloof subsequently filed a request for a hearing on an emergency motion for temporary appointment of conservator. [RP 169] A hearing was held on November 21, 2008. [RP 171-74] Ms. Kersey, whose attorney had withdrawn and who was then pro se,

6

did not appear at this hearing. From the tape logs, it appears that Appellant, through Mr. McCall, made arguments in support of his motion and presented the testimony of Catherine Montano. [RP 172-74]

As Appellant was provided with at least two opportunities to argue in support of his motion and at least one opportunity to present evidence on the issue, he was in fact provided with a hearing. Although Appellant asserts that, at a subsequent hearing on April 14, 2009, the district court stated that the issue of replacing Ms. Kersey as guardian would not be heard again, Appellant fails to support his argument that this fact alone was sufficient to deprive him of due process when at least two hearings on the issue had already been held.

**Appointment of Guardian Angels as Plenary Guardian**

Appellant contends that the district court erred in appointing Guardian Angels as the plenary guardian for Mr. Maloof because counsel for the conservator, Robert Richards, is on Guardian Angels's board of directors. [DS 21] However, Appellant specifically argued in the district court that the fact that Mr. Richards served uncompensated on the board of the plenary guardian and also represented Ms. Kersey in this case did not create the type of conflict of interest that would require the appointment of another plenary guardian. [RP 398] Accordingly, any error in the district court's failure to replace Guardian Angels on this basis was invited and will

7

not provide grounds for reversal on appeal. *See Cordova*, 1996-NMCA-009, 121 N.M. at 263, 910 P.2d at 339.

Instead, in the district court Appellant argued that it was the fact that the executive director of Guardian Angels had failed to disclose Mr. Richards's uncompensated service on its board during the hearing that indicated that Guardian Angels could not comply with its fiduciary duties to Mr. Maloof. [RP 398] Appellant cites no authority that a party should be disqualified as a plenary guardian when it fails to disclose a relationship that Appellant asserts is not itself a disqualifying conflict of interest. Accordingly, we hold that the district court did not err in refusing to remove Guardian Angels as plenary guardian. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that when a party cites no authority in support of a proposition, we assume that no such authority exists).

**Appointment of a Conservator When the Court Visitor Was Not Interviewed by the Guardian Ad Litem**

Appellant contends that the district court erred in appointing a conservator when the guardian ad litem had not interviewed the court visitor as required by NMSA 1978, Section 45-5-407(B) (1998), and NMSA 1978, Section 45-5-404.1(A) (1993). [DS 23-24] In our notice of proposed summary disposition, we proposed to hold that Appellant waived this argument by stating at the hearing on the motion to appoint Ms. Kersey that, while Appellant objected to the appointment of Ms. Kersey as guardian,

he had no objection to her appointment as conservator. *See Cordova*, 1996-NMCA-009, 121 N.M. at 263, 910 P.2d at 339. In Appellant's memorandum in opposition, he does not dispute that he agreed, through his original guardian ad litem, to the appointment of Ms. Kersey as conservator, and he does not dispute that he therefore either waived or invited the error of which he now complains. [MIO 17-21] Accordingly, we conclude that where Appellant agreed at trial to the appointment of Ms. Kersey as conservator, the district court did not err in appointing Ms. Kersey, despite the fact that Appellant's original guardian ad litem had not interviewed the court visitor.

To the degree that Appellant's argument can be construed to mean that the failure to interview the court visitor should have provided a basis to remove Ms. Kersey and replace her with another conservator after she had been appointed, we indicated in our notice of proposed summary disposition that it was not clear that Appellant ever argued that the failure of the guardian ad litem to interview the visitor should require the replacement of the conservator under the circumstances of this case. Instead, it appeared that Appellant simply pointed out as a factual matter that the guardian ad litem had never interviewed the court visitor and argued that Ms. Kersey should be removed as conservator, not on this basis, but because the medical experts who testified in the case advised against keeping her as the conservator. [RP 552 (¶

9

20), 553-54 (¶ 5-6)] Accordingly, we proposed to affirm based on lack of preservation. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").

In his memorandum in opposition, Appellant does not assert that he adequately preserved an argument that the guardian ad litem's failure to interview the court visitor required the district court to replace the agreed-upon conservator with an alternate conservator. [MIO 18] Instead, he simply asserts that "[t]he interview was [o]rdered by the [c]ourt on the record. . . and requested by the GAL, it was noted in the GAL letter report of April 1 to the Court which is not in the record and should also be noted in the hearing of June 15, 2009." [MIO 18] But merely asking that the interview be conducted or pointing out to the court that the interview had not been conducted is not the same as making an argument that the conservator should be replaced on this basis under circumstances where her conservatorship had been previously agreed to by the Appellant through his original guardian ad litem. Appellant never explained in the district court why the guardian ad litem's failure to interview the visitor should require the removal of Ms. Kersey as conservator, but would permit the appointment of a successor conservator even though the court visitor

10

had still not been interviewed. Accordingly, we hold that Appellant failed to adequately preserve this issue.

Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**LINDA M. VANZI, Judge**