Filed 1/15/16  P. v. Sutton CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B263319 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA431780) |
| v. | |
| MICHAEL SUTTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge.  Affirmed.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

A jury convicted defendant and appellant Michael Sutton of one count of petty theft. (Pen. Code, § 484, subd. (a)).[1] We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual background.

On the morning of October 30, 2014, Margaret Govea was waiting for the bus with her bike at Wilshire and Vermont. When the bus arrived, Govea put her bike on the rack so that her bike was the outermost one. Although a rod secured the bike to the bus, it was not "locked." Govea got on the bus. Just after Govea got on the bus, an African American man wearing all black carrying a white plastic "back" [*sic*] got on the bus. Five stops later, near Wilshire and Fairfax, Govea noticed that her bike was gone. Govea did not give anyone permission to take her bike. Govea paid approximately $1200 for the bicycle and its gear.

Video surveillance showed someone wearing black and carrying a white bag taking Govea's bike. Using a video still, Detective David McAllister distributed a wanted flier for Sutton. On November 21, 2014, Deputy Sheriff Joseph Salehpour, who had the flier, saw Sutton playing chess. Before showing Sutton the flier, the deputy read Sutton's *Miranda*[2] rights to him. Sutton said he understood his rights, and he agreed to speak to the deputy. Sutton denied knowing anything about "grand thefts that were going on." But when asked if he was the man pictured on the flier, "he goes, yeah, that's me. He goes, picture's worth a thousand words, . . ."

### II. Procedural background.

A complaint was filed on November 25, 2014 charging Sutton with grand theft (§ 487, subd. (a)). A preliminary hearing was held on December 29, 2014. An information, filed on January 12, 2015, alleged one count of grand theft of personal

---

[1] All undesignated statutory references are to the Penal Code.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436, 474.

property (§ 487, subd. (a)) and two prior convictions within the meaning of section 667.5, subdivision (b).[3] Sutton waived further arraignment on the information.

On March 18, 2015, a jury found Sutton not guilty of grand theft but guilty of the lesser offense of petty theft (§ 484, subd. (a)).

On April 6, 2015, the trial court deemed the information amended to allege count 1 as a misdemeanor (§ 17, subd. (b)). The court then found, based on the misdemeanor conviction, that Sutton, who was on probation at the time he committed the theft, was in violation of probation. The court sentenced Sutton to 180 days in jail for the petty theft, concurrent to four years imposed for Sutton's violation of probation. The court imposed a $40 court security fee (§ 1465.8); a $30 criminal conviction fee (Gov. Code, § 70373); and a $150 restitution fine (§ 1202.4).

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues and which asked this court to conduct an independent review of the record, under *People v. Wende* (1979) 25 Cal.3d 436, 441. By letter dated September 29, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. Sutton submitted a letter, filed on October 15, 2015.

Sutton raises two issues. He first contends his due process rights were violated because he was "arraigned after 48 hours." (§ 825 [a defendant arrested pursuant to a warrant must be arraigned within 48 hours of arrest].) On this record, the case was filed on November 25, 2014. A preliminary hearing was held on December 29, 2014. The record does not show when Sutton was arraigned. But an information was filed on January 12, 2015, and Sutton waived further arraignment that same day. Although the record does not show when the motion was made, Sutton's defense counsel did move to have the case dismissed or Sutton released on the ground that Sutton was not arraigned

---

[3]    The information was amended to allege three prior convictions (§ 667.5, subd. (b)).

3

within 48 hours of arrest.[4] Judge Scott Gordon denied the motion. When the issue was raised again, Judge Wapner found that any delay did not prejudice Sutton. A mere delay in arraignment does not immunize a defendant from prosecution. (*Dragna v. White* (1955) 45 Cal.2d 469, 473 [delay in arraignment "will not affect the legality of the arrest, although it will subject the offending person to liability for so much of the imprisonment as occurs after the period of necessary or reasonable delay"]; *Lozoya v. Superior Court* (1987) 189 Cal.App.3d 1332, 1345; *People v. Valenzuela* (1978) 86 Cal.App.3d 427, 430.) In any event, defendant must show that any delay prejudiced him. (*Valenzuela,* at pp. 431-432.) Sutton failed to show such prejudice.

Sutton's second contention is he received ineffective assistance of counsel because his trial counsel submitted a "verbal" motion regarding the arraignment issue without any "points and authorities." A defendant raising a claim of ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. (*Strickland v. Washington* (1984) 466 U.S. 668; *People v. Ledesma* (1987) 43 Cal.3d 171, 217-218.) Counsel's performance was not deficient because he made a motion orally rather than in writing. There is also no showing the oral motion prejudiced Sutton.

We have examined the record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

---

**4** The record does not reference a motion under section 825, but there is no dispute one was made.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, Acting P. J.


We concur:


LAVIN, J.


JONES, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.